CASE 72—PETITION ORDINARY—MAY 3.

# Oldham v. Mt. Sterling Improvement Co.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

1. NON EST FACTUM—CONDITIONAL PLEA OF.—While there may be
   a special plea of *non est factum* based on the conditional signing
   of an instrument, there can be no such thing as a conditional
   plea of *non est factum.*
2. CORPORATIONS—REPRESENTATIONS BY PROMOTERS.—A corpora-
   tion is not responsible for representations made by its promoter,
   nor can the promoter of a corporation not in existence bind it as
   its agent.
3. CORPORATIONS—POWER OF COURTS TO DISSOLVE.—Courts of equity
   have no jurisdiction, in the absence of statutory power, to decree
   the dissolution of a corporation and the distribution of its assets
   at the suit of one or more of the stockholders.
4. CORPORATIONS—SUBSCRIPTION TO CAPITAL STOCK.—A stockholder
   in a corporation can not defeat an action to collect his subscrip-
   tion on the ground that there has been no election of directors
   since the organization of the company, and that the affairs there-
   of have been fraudulently and negligently managed.
5. SAME.—It is no defense to such an action that the enterprise con-
   templated by the corporation is not being pushed, or has been
   unduly delayed.

B. F. DAY FOR APPELLANT.

1. Agreement to take stock is not a subscription, and parties are
   only liable for damages. Bullock v. Falmouth, &c., 7 Ky. Law
   Rep., 591; Mt. S. Coal Road v. Little, 14 Bush, 431; Thrasher v.
   R. R., 25 Ill., 393; Strasburg v. Echternacht, 21 Pa., 220.
2. A party may deny making a contract at all, and yet may rely
   upon any defense which he has to the contract which the plain-
   tiff claims he made. Ward v. Jones, 11 Ky. Law Rep., 273; As-
   surance Co. v. Meuth, 10 Ky. Law Rep., 718.
3. No court whether of law or equity will enforce a claim founded on
   fraud or where there is no consideration. Jones v. Redmon, 5

[ 34 ]

Oldham v. Mt. Sterling Improvement Co.

Ky. Law Rep., 767; Angel & Ames on Corporations, secs 531 and 532; Tanner v. Clark, 13 Ky. Law Rep., 879 and 922; L. & N. R. R. v. Society, 91 Ky., 395; L. & N. R. R. v. Society, 13 Ky. Law Rep., 5.

W. H. HOLT FOR APPELLEE.

1. There can be no such thing as a conditional plea of *non est factum*.
2. Mismanagement of the corporate funds by the officers and agents of the company is no defense to a suit for the payment of stock subscriptions. Morawetz, sec. 312; Hornady v. Railroad Co., 9 Ind., 263.
3. Any mismanagement of affairs, fraudulent or otherwise, is no defense to an action for stock subscription. Chettain v. Insurance Co., 86 Ill., 220; Merrill v. Reaves, 50 Iowa, 404; 23 Am. & Eng. Enc. of Law, p. 844.
4. One stock holder can not compel all of the stockholders in a corporation to sell the corporate property so that he may not be compelled to pay a subscription to stock.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

This is a proceeding by plaintiff to enforce the payment of a subscription to its capital stock. Judgment is resisted upon the grounds:

1st. That he did not purchase of plaintiff any shares of its capital stock or agree to pay therefor in such installments or at such times as the board of directors might require.

2d. Because of false representations as to the condition and prospects of the company made to him by its alleged promoter to induce him to subscribe therefor at or about the time of the alleged subscription.

3d. Defendant seeks a dissolution of the company on the ground that it is no longer a "going" concern; that there has been no election of directors since the time of its organization; that plaintiff is doing none of the business con-

templated by its charter, except to hold real estate there-
tofore purchased, and that the directors are using the as-
sets of the company to promote their personal interests.

The chancellor sustained a general demurrer to second,
third and fourth paragraphs of the answer, and the case
was tried out solely upon the plea of *non est factum*. If
it is the intention of the pleader to rely upon the plea of
*non est factum* by the first paragraph, he has failed to
properly set it out, as there can be no such thing as a con-
ditional plea of *non est factum*. He either signed or au-
thorized the signing of the paper, or he did not. There
may be a conditional signing of an instrument and special
plea of *non est factum* based on it, and this is the issue
which the answer probably intended to present.

There is no allegation that the plaintiff company made
false or fraudulent representations to defendant to induce
him to subscribe to the stock, but that the promoter of the
company, the party getting it up, made such representa-
tions to induce the defendant to make the subscription
to the capital stock, and that payment of calls made by
him were upon the idea that these representations so made
by the promoter were true.

A corporation is not responsible for representations
made by its promoters. The promoters of a corporation
not in existence can not bind it as its agents, nor can the
doctrine of ratification be invoked in order to charge a
corporation with engagements made on its behalf before
it was formed. While a corporation may become a party
to a contract made by its promoters through a novation of
the contract, yet in this case the liability of the corpora-

tion rests upon a mutual agreement of all parties after the formation of the company (Morawetz on Private Corporations, 234; Cook on Stockholders and Corporation Law, volume 2, page 707). Any other rule would subject corporations to heavy obligations of which the mass of stockholders could have no knowledge or information, and which would, in many instances, destroy them, as promoters are proverbially sanguine in their expectations and profuse in their promises of extravagant returns, their connection with the corporation usually terminating with its organization. And courts of equity have, in the absence of statutory power, no jurisdiction over corporations for the purpose of decreeing their dissolution and the distribution of their assets among the individual incorporators at the suit of one or more stockholders, and a member can not sue for his part of the assets until a dissolution is had. (Cook on Stockholders, etc., volume 1, page 629; Taylor on Private Corporations, page 432; Morawetz on Private Corporations, volume 1, section 416.)

Section 516, Kentucky Statutes, points out the mode of terminating the existence of corporations, but contains no provision authorizing a court of equity to decree their dissolution at the suit of a shareholder.

In the third paragraph of defendant's answer he alleges that there has been no election of directors since the organization of plaintiff company, and that the affairs of the corporation have been managed fraudulently and negligently. A stockholder can not defeat an action to collect his subscription on this ground. He has other remedies of a different nature for such evils. For fraudulent appro-

Oldham v. Mt. Sterling Improvement Co.

priation of the assets of the company he may bring the guilty parties to an accounting (Hodgkinson v. National Live Stock Ins. Co., 28 Beav., 473). For mismanagement his only remedy is by corporate election. (Cook on Stockholders, volume 1, page 189.)

By the fourth paragraph he alleges that plaintiff is doing no business by way of manufacturing, building, loans, improvements or otherwise, save to buy and hold real estate, and that a considerable portion of the real estate now owned by the company was purchased nearly five years ago, and is now endangered by escheat under the laws of this State. It is no defense to an action on a subscription to allege that an enterprise is not being pushed or that it has been unduly delayed. These are matters which are necessarily left to the discretion of the board of directors, and if their management of the affairs of the company is not satisfactory the stockholders have a sufficient remedy in their authority to change them; and it would not do to say that a single stockholder, in a suit brought to enforce a subscription to the capital stock, could be permitted to compel the sale of all the corporate property and a dissolution of the company. Such a rule would put it in the power of a single stockholder at any time to so embarrass the operation of a corporation as to render it of little or no value.

We think the chancellor properly sustained the demurrer to the second, third and fourth paragraphs of defendant's answer.

And for the reasons indicated the judgment is affirmed.

Judge Hazelrigg not sitting.