## James' Executor v. Skaggs, et al.

(Decided April 27, 1928.)

Appeal from Edmonson Circuit Court.

Appeal and Error.—Court of Appeals will not disturb chancellor's finding in equity case unless it is against weight of evidence.

B. M. VINCENT and M. M. LOGAN for appellant.

MILTON CLARK and JOHN A. LOGAN for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

The appellant Sam D. Johnson, suing as the executor of the last will and testament of Sarah H. James, sought reformation of a note and mortgage, which was denied him, and he has appealed. Sarah H. James, aged about 90 years, died in April, 1925. In February, 1922, she made her will and by that instrument she gave her sister, Missouri E. Miller, her tangible personal property. She also gave Mrs. Miller her real estate for life and directed that there should be paid to Mrs. Miller the income on her choses in action, money in bank, and money on hand, for her life, and that at the death of Mrs. Miller this real estate and personal property was to be equally divided among Mrs. Miller's three children, Dowe Miller, Callie Bledsoe, and Minnie Skaggs. Mrs. James had another sister, Mrs. Wilson, to whom she had given $550 some years before. On December 11, 1923, after making this will, Mrs. James loaned Tom Skaggs, the husband of her niece, Minnie Skaggs, $1,500, with which he bought 100 acres of land, and it was conveyed to him. On that same day, the following note was prepared:

"$1,500.        Brownsville, Ky., Dec. 11, 1923.

"Six years after date we promise to pay to the order of Sarah H. James, A. C. Miller & Mrs. M. E. Miller, fifteen hundred dollars with 6 per cent. interest thereon, payable annually. This note being secured by mortgage on land of even date herewith at——. Value received.

his<br>
"Tom X. Skaggs.<br>
mark

"Attest: George McCombs.
"No. ——. Due Dec. 11, 1929."

Also, on that day a mortgage on this land was prepared, by which this land was mortgaged to Sarah H. James, A. C. Miller, and Mrs. M. E. Miller, to secure the payment of this $1,500, but for some reason Skaggs and his wife did not execute this mortgage until May 15, 1924, but it was then executed and shortly thereafter recorded.

The pleadings are in some confusion, but after many amendments, the effort of the executor finally became one to reform this note and mortgage, so that instead of being payable to the three parties named therein, that it should be payable to Sarah H. James. The pleadings show that Cal Miller and his wife made two claims for their interest in this note. Their first was that it was so drawn by Mrs. James to pay them for services they had rendered her, and the second was that it was a gift from Mrs. James to them. The court required them to make an election, and they elected to claim their interest in this note as a gift. The court sustained that position and dismissed the petition of the executor. The matter was heard by the chancellor, and he sustained the gift. We find nothing in the record to justify us in disturbing his findings. This court will not disturb the chancellor's finding in an equity case unless it be against the weight of evidence. See cases collected in West Publishing Company's Kentucky Digest under the subject of "Appeal and Error," Key-Number 1009.

The judgment is affirmed.