# Ohio Valley Fire & Marine Insurance Company's Receiver v. Newman et al.

(Decided January 14, 1930.)

J. D. MOCQUOT for appellant.

EDGAR T. WASHBURN for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On June 22, 1914, A. L. Newman executed and delivered to the Ohio Valley Fire & Marine Insurance Company his note for $30,000, secured by a mortgage on several hundred acres of land in Ballard county. The consideration was $10,000 in cash and 1,000 shares of the capital stock of the insurance company of the par value of $10, but for which Newman paid $20 a share. Newman paid the interest on the note for several years. On June 22, 1922, the sum of $7,863.40 was added to the face of the note, and a renewal note executed for the sum of $37,863.40. On November 13, 1923, the insurance company was placed in the hands of Fred W. Vaughn as receiver. In the year 1924, the receiver instituted this action to recover on the note and enforce the mortgage lien. On May 1, 1925, a judgment was rendered in his favor for the face of the note, and the land covered by the mortgage was ordered sold. The land was purchased by the receiver. Before confirmation of the sale Newman died and the action was revived in the name of his heirs. The heirs filed exceptions to the report of sale, and at the same time brought an action for a new trial on the ground that Newman was of unsound mind and this constituted casualty and misfortune that prevented him from appearing and defending the action. The exceptions were overruled, and on appeal the judgment was

affirmed. Newman et al. v. Ohio Valley Fire & Marine Insurance Co., 221 Ky. 616, 299 S. W. 559. The chancellor granted a new trial and continued the case for further preparation. On appeal that judgment was affirmed. Ohio Valley Fire & Marine Insurance Co.'s Receiver v. Newman, 227 Ky. 554, 13 S. W. (2d) 771. On the return of the case the chancellor gave judgment in favor of the receiver for the sum of $11,227.61. The receiver appeals.

Though there is some evidence to the contrary, the great preponderance of the evidence is to the effect that Newman was of unsound mind not only at the time the judgment was rendered but at the time of the execution of the note and mortgage, and that he was wholly incapable of understanding and appreciating the legal effect of the transaction. That being true, the finding of the chancellor to that effect cannot be disturbed.

But counsel for appellant insists that notwithstanding Newman's unsoundness of mind, the transaction should have been upheld in its entirety. His argument is this: The contract of a person of unsound mind is not void, but voidable only if made before inquest. Newman had never been adjudged of unsound mind. The insurance company was an innocent mortgagee. It parted not only with the $10,000 in cash, but with the stock which Newman exchanged for other stock. Thus he received the benefit of the entire consideration, and being unable to place the insurance company in statu quo, the mortgage should have been enforced for the full amount. In the circumstances here presented it hardly can be said that the insurance company was an innocent mortgagee. It appears that the stock transferred to Newman was exchanged shortly thereafter for stock in an affiliated company. It was not shown that either the original stock, or the stock for which it was exchanged, had any value. On the contrary, both companies went into the hands of a receiver, and the stock of each is worthless. Therefore the chancellor did not err in refusing to uphold the mortgage to the extent of the consideration represented by the stock, but did substantial justice by rendering judgment for the $10,000 received by Newman after giving him credit for all payments made by him.

Judgment affirmed.