# Hatcher-Powers Shoe Company v. Kirk.

(Decided February 11, 1930.)

WOODS, STEWART, NICKELL & SMOOT for appellant.

KIRK, KIRK & WELLS for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

This action grew out of the organization of the Hatcher-Powers Shoe Company.  The facts are fully set

out in the case of Hatcher-Powers Shoe Co. v. Bickford, 212 Ky. 163, 278 S. W. 615, 617. Hatcher and Powers went to appellee and sought to obtain his subscription for capital stock in the company. This was before the company was incorporated. Hatcher and Powers were two of the promoters. Appellee signed the subscription, but the number of shares of stock which he was to take was left blank. The blank was filled in for six shares. After the company was organized it soon became involved in financial troubles and was forced to liquidate. Suit was brought on unpaid stock subscriptions. Appellee made defense, and the court sustained his contention that he subscribed for one share of the stock only, and rendered judgment against him for $100, but denied the claim of appellant for $500. Appellant has appealed from the judgment.

In his original answer appellee admitted that he subscribed for six shares of the stock, and letters that he wrote to the company thereafter indicate that he was making the contention that he was not to pay for the stock. The case was not immediately tried, presumably the trial being held up while other cases were being finally disposed of. About three years after he filed his original answer he filed an amended answer in which he interposed the defense that it was understood and agreed between him on the one side, and Powers and Hatcher on the other, that the subscription which he signed in blank should be filled in for one share of stock, and that it was left to the company after it was organized to determine whether the share of stock should be common or preferred. It is admitted by all parties that the number of shares of stock subscribed for by appellee was left blank at the time of the signing.

It is strongly urged by counsel for appellant that the judgment of the chancellor is against the weight of the evidence. It is true that the findings of the chancellor are not binding on this court on appeal, although some weight will be given to them. His findings will not be disturbed if the mind is left in doubt as to the proof, but if it is against the preponderance of the evidence, and, all of it together shows with reasonable clearness that the chancellor was in error in his conclusions, this court will set aside his finding of facts and direct what judgment should be entered. Katz v. Scott, 229 Ky. 738, 17 S. W. (2d) 1024; Walker v. Walker, 228 Ky. 357, 15

S. W. (2d) 298; Downing v. Whitlow, 211 Ky. 294, 277 S. W. 262; Lewis v. Shell, 205 Ky. 624, 266 S. W. 254.

The testimony for appellant on this point, corroborated as it is by the admissions in the original answer and to some extent by the letters written by appellee, is very strong, but on the other hand, appellee is positive in his testimony as to the agreement, and he is corroborated by two witnesses who were present at the time the agreement was made. We are unwilling to hold that the findings of the chancellor on this point should be disturbed on the facts.

It is insisted by counsel for appellant that when appellee signed the subscription contract in blank as to number of shares, and agreed with the promoters that the number of shares would be one, and authorized them to insert in blank that which would indicate the number and kind of shares, that he constituted the promoters his agents for that purpose, and, if they inserted that which indicated that he had subscribed for six shares, he is liable to the corporation on the subscription for six shares. There is no doubt that a principal is liable for the acts of his agent acting within the scope of his authority. Strader's Adm'rs v. President & Directors of Lexington Hydraulic & Mfg. Co., 146 Ky. 580, 142 S. W. 1073. An agent is one who acts for, or in the place of, another by authority from him, or who undertakes to transact some business or manage some affair for him by authority from him, and to render an account of what he has done. Jeffrey Co. v. Lockridge, 173 Ky. 282, 190 S. W. 1103. The principal is bound by the contract of his agent when at the time it was made the agent acted within the limits of his express authority, or the scope of his implied authority. Dark Tobacco Growers' Cooperative Association v. Garth, 218 Ky. 391, 291 S. W. 367

That appellee constituted Hatcher and Powers his agents to fill in the blank left for the insertion of the number of shares for which he subscribed cannot be doubted. That he is bound by their act within the scope of their authority cannot be denied. The only question, therefore, is whether they acted within the scope of their authority when they filled in the blank indicating that he had subscribed for six shares when, in fact, he had subscribed for only one share. He designated them as his agents for the purpose of filling in the blank. If they betrayed his confidence, and he, or another innocent party, must suffer, it is obvious that he is the one that

should stand the loss. It is the settled law of this state regarding negotiable instruments that the person in possession thereof has prima facie authority to complete it by filling up the blanks therein. A signature on a blank paper delivered by the person making the signature in order that the paper may be converted into a negotiable instrument operates as a prima facie authority to fill it up as such for any amount. In order, however, that any such instrument may, when completed, be enforced against any person who became a party thereto prior to its completion, it must be filled up strictly in accordance with the authority given and within reasonable time. But if any instrument after completion is negotiated to a holder in due course it is valid and effectual for all purposes in his hands, and he may enforce it as if it had been filled up strictly in accordance with the authority given and within a reasonable time. These provisions are found in section 3720b-14, Ky. Stats. Reasoning by analogy it appears that it would be sound law to hold that, if a stock subscription, after completion, is delivered to a third party, it should be valid and effectual for all purposes in his hands, and that he may enforce it as if it had been filled up strictly in accordance with the authority given and within a reasonable time. It has been held in such cases that where a bill is left blank as to date, amount, and address, these blanks may be filled and a holder in due course is not affected by the fact that the authority of the agent may have been exceeded. Smith v. Lockridge, 8 Bush, 423.

In this case we have the admission on the part of the appellee that he signed the stock subscription and left it blank. He thereby made it possible for those to whom he delivered it to fill in the blank, and, if they did so and delivered it to a third party, then appellee was the one who set in motion that which led to a condition compelling loss to him, or to the third party, and, as the fault was his and not that of the third party, the loss should fall on him.

Powers and Hatcher were promoters of the corporation, and the question arises as to whether they were agents for the corporation in taking stock subscriptions. If they were agents for the corporation, then their knowledge must be imputed to the corporation, and the corporation, when it received the stock subscription, was not an innocent third party. In the case of Hatcher-Powers Shoe Co. v. Bickford, supra, this court quoted

from Thompson on Corporations as follows: "The general rule is that subscriptions procured on false and fraudulent representations of promoters cannot be avoided after the corporation is organized."

In the same opinion the court quoted from the case of Oldham v. Mt. Sterling Improvement Co., 103 Ky. 529, 45 S. W. 779, 780, 20 Ky. Law Rep. 207, as follows: "A corporation is not responsible for representations made by its promoters. The promoters of a corporation not in existence cannot bind it as its agent, nor can the doctrine of ratification be invoked in order to charge a corporation with engagements made on its behalf before it was formed."

This court, therefore, is committed to the doctrine that promoters of a corporation not in existence cannot bind its agents. Hatcher-Powers Shoe Co. v. Hitchens, 232 Ky. 87, 22 S. W. (2d) 444. Hatcher and Powers, therefore, were the agents of appellee to fill in the subscription, and, when they filled it in for six shares and delivered it to the corporation after its organization, appellee cannot escape the consequences of their act.

It appears to the court, therefore, that the judgment below is erroneous.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.