## Combs et al. v. Casebolt.

(Decided February 25, 1930.)

J. M. BAILEY for appellants.

H. H. Smith for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

David Sturgill died a resident of Knott County in 1906, owning a body of land. After his death in 1907, in the division of his estate, lot No. 5 was allotted to Sarah Smith, his daughter, wife of William Smith, and lot No. 6 was allotted to his daughter, Ellen Click, wife of Charles Click. Each of them settled on the property allotted to her. On September 27, 1908, Smith and wife conveyed one acre out of lot 5 to Charles Click and Ellen Click, his wife, for a garden lying near their house. The deed was duly acknowledged before the deputy clerk on that day and delivered. The deputy clerk who took the acknowledgment did not have the deed recorded until March 20, 1916, but kept it in his possession, as he had not been paid for writing it. Click and wife inclosed the land with a fence and used it either themselves or by a tenant or their vendee until this controversy arose. On November 5, 1913, William Smith and wife, by deed, conveyed to Melinda Combs lot No. 5, and her vendee entered upon the one-acre tract in the spring of 1926, claiming it under her. W. R. Casebolt, who was the vendee of Charles Click and wife and had been in possession of the land since they sold it to him several years before, brought this action to quiet his title. The circuit court gave judgment in his favor. The defendants appeal.

The proof is clear that Click and wife not only took possession of the land and fenced it in 1908, but they and those holding under them have held possession from that time on. Their proof is, by Smith and wife, that, when they sold to Combs, they went around the boundary and showed just what they were selling, and excluded this

one-acre tract. In addition to this, Click and wife then had the land fenced and were using it, and their possession was clearly enough to put the purchaser on notice of their claim. The whole trouble seems to have arisen from the failure of the clerk to record the deed made in 1908. But the deed has since been recorded. It bears on its face the certificate of the clerk, showing that it was acknowledged and delivered on that day. Undoubtedly Click has a superior title except as against a bona fide purchaser without notice, and the facts shown were sufficient to put the purchaser on notice. In cases of this sort on conflicting evidence the court gives some weight to the finding of the chancellor, and does not disturb his judgment where the mind is left in doubt. In this case the weight of the evidence sustains the chancellor's finding.

Judgment affirmed.