## Williams v. Little et al.

(Decided May 23, 1930.)

G. B. STAMPER for appellant.

E. C. HYDEN for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

In this case, the appellant sought a judgment against the appellee C. J. Little in the sum of $2,500 for a loan she had made him and the foreclosure of a mortgage given by the appellee to secure that loan. By his answer,

counterclaim, and set-off, the appellee sought the return from the appellant of two diamond rings which he asserted he had only intrusted to her to wear, she agreeing to return them on demand. In the event she could or would not return them he asked for a judgment for $1,500, their value. No objection was or is made to the appellee prosecuting his alleged claim against the appellant in her suit to foreclose her mortgage. By reply, the appellant alleged that the diamond rings had been given to her and her sister, one to each, as a gift by the appellee, who was their uncle. Proof was heard and the court decided that the rings had not been given to the appellant and her sister as a gift by the appellee, but had both been loaned by the appellee to the appellant. No defense was made by the appellee to the foreclosure suit. So the court entered judgment for the appellant in the sum of $2,500 and ordered the property which had been mortgaged to secure the loan sold, but further decreed that the execution of such judgment should be suspended until the appellant had surrendered to the appellee the two diamond rings in question. From so much of the judgment as decreed the rings to be a bailment and not a gift, the appellant appeals.

Whether the intrusting of the rings to the appellant was a gift or a bailment, and whether both of the rings or only one had been turned over to the appellant by the appellee, were pure questions of fact. The two sisters testified that the transaction was a gift. The appellee testified that he intrusted the two rings with the appellant as a bailment. The surrounding circumstances tended strongly to corroborate the appellee. The chancellor held the transaction was a bailment as testified to by the appellee, and, in the state of the evidence, we cannot say he erred. Under familiar principles, his finding of fact will then be adhered to by us.

The judgment is therefore affirmed.