## Burchett et al. v. Burchett et al.

(Decided February 13, 1931.)

DUNCAN & BELL, J. G. SMITH and J. A. FLOWERS for appellants.

E. BERTRAM and S. G. SMITH for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

A. F. Burchett, seventy-two years old, a well-to-do farmer in Clinton county, and Dora Lawrence, twenty-five years old, were married in September, 1925. Burchett had three children by a former marriage. On May 11, 1926, Burchett executed a deed to his wife, Dora Burchett, for the farm on which they lived, and delivered it to his attorney, S. G. Smith, with instructions to deliver it to his wife at his death. Burchett died August 18, 1926, and after his death Smith delivered the deed to Mrs. Burchett and she had it recorded. Thereupon the children of the first marriage brought this suit against her to recover the land and set the deed aside on several grounds. Voluminous proof was taken, and on final hearing the circuit court dismissed the plaintiffs' petition. They appeal.

The first ground relied on for reversal is that there was no delivery of the deed. This is based on the following provisions of the deed:

"Provided, however, that first party retains exclusive use and control of the above described real

estate during his natural life and that this conveyance is not to take effect until the death of said first party, and provided further that the first party during his life retains the right to sell and remove from said lands, any and all timber and convert the same to his own use, and provided further, that this deed is not to be delivered to the second party or recorded until after the death of the first party, and then upon the condition that second party does not abandon first party during his life, and provided further that should second party die before the death of the first party, then this deed is to become null and void and of no force and effect. And this deed is now delivered in escrow to S. G. Smith, to be by him delivered upon the conditions and terms herein above stated. In witness whereof the first party has hereunto subscribed his name, the day and date first above written.''

In Haydon v. Easter, 24 S. W. 626, 15 Ky. Law Rep. 597, Haydon delivered the deed to his friend Kendall to be kept by him until Haydon's death, when it was to be put to record in the proper office for the benefit of the grantee, and Kendall was enjoined to see that the grantee got the land conveyed. It was held that the delivery of the deed was sufficient, although it appeared that Haydon had after this, during his lifetime, sold to another ten or twelve acres of the land. In Nuckols v. Stone, 120 Ky. 631, 87 S. W. 799, 800, 27 Ky. Law Rep. 1043, the deed executed by Dudley Dedman for the land contained this clause:

"Granton retains said property and the use, possession and occupation and entire control of same during his natural life."

The written contract between Dedman and Z. Gibbons, under which the deed was delivered to. Gibbons, contained this provision:

"And it is understood that said Dudley Dedman has the right to receive the said deed from said Z. Gibbons and to cancel same, and upon said canceling said deed shall have no further effect whatever; and said Z. Gibbons is not to deliver said deed to said Dudley Dedman except upon taking his written receipt for the same, attested by witnesses; and said Z. Gibbons binds himself to hold said last men-

tioned deed upon the same terms and conditions that he held the deed that has been cancelled.''

Dedman died without having demanded the deed from Gibbons or in any way undertaking to cancel it. The sole question presented was the delivery of the deed. Holding that the deed was delivered, the court said:

''The reservation of a life estate by the grantor was meaningless, unless he intended a present interest to vest in the grantees. He thereby necessarily recognized the grantees as the owners of the property, subject to the life estate. The right which he also reserved to cancel the deed in a certain way is not inconsistent with this, but rather gives force to it, for, if the deed was subject to his general control, and was held by Gibbons merely as his agent, then there was no need that a special mode of reclaiming the deed or canceling it should be reserved by him. When the two papers are taken together, their fair meaning is that the deed was to be operative unless defeated by him in the manner pointed out. The estate which was thus granted, and which then vested in the grantees, not having been defeated in the manner provided, became absolute. A cardinal rule of construction is that an instrument, if it can be fairly done, will be so construed as to give it some operation rather than so as to make it abortive. In this case the grantor acknowledged the deed. He had a carefully worded instrument drawn by an attorney, and this instrument was signed by him, the grantee, and the attorney. We cannot presume that he intended to do a vain thing, if the language of the instrument is fairly capable of a construction that will give it effect. If he had intended no estate to vest in the grantees, there was no reason for his reserving a life estate, and all he need have said in the other paper was that Gibbons was to hold the deed subject to his orders.''

In Kirby v. Hulette, 174 Ky. 257, 192 S. W. 63, 69, the grantor delivered the deed to another to keep until he called for it, and in the event of his death to give it to Kirby. Holding that there had been no delivery of the deed, the court said:

''In the instant case, when the grantor executed the deed and delivered it to Gay, at the hospital, his

direction to Gay was to keep it until he called for it, or, if he died, to deliver it to one of the grantees. He reserved the right to recall it at any time until his death. Gay so understood the directions, and the words import no other meaning. It was subject to the control of the grantor as much as if he had retained the custody of it himself. The grantor was thus careful that a delivery should not be made until a further conclusion on his part about the matter. So long as Gay so held the deed, there was no delivery, and there could not be an acceptance, either as a matter of fact or law.''

In the deed here in controversy the grantor retained during his life the exclusive use and control of the premises granted, also the right to sell the timber on the land and convert it to his own use. These provisions are without any meaning unless the grantor intended the deed to take effect when made, and this construction of the deed is borne out by other clauses providing that the deed is to become null and void if the wife abandoned her husband during his life or if she died before he did. The words ''this conveyance is not to take effect until the death of said first party'' are to be read in connection with the words immediately before and after them, and naturally only mean that the deed is not to take effect until the grantor's death in the respects stated in the same sentence. The sentence must be read as a whole, and one part of the sentence will not be read as contradictory of other words in the same sentence. The case therefore falls within the rule laid down in the second case above cited and the authorities collected in that opinion. The estate therefore vested in the grantee, subject to be defeated by the conditions annexed to it. See 2 Tiffany on Real Property, sec. 462; 18 C. J. p. 200-206, sec. 96-105, and cases cited.

Appellants also urge that the deed was obtained by undue influence, exercised by Dora Burchett over her husband; that the conditions in the deed had been violated by her, in that she had abandoned her husband after the deed was made, and that she was guilty either as principal or accessory in the murder of her husband. The facts as to the death of A. F. Burchett are set out in the opinion of this court in the case of Cummings v. Commonwealth, 221 Ky. 301, 298 S. W. 943; Dora Burchett, her father and mother and Bill Cummings having been indicted after A. F. Burchett's death, charged with

murdering him by poisoning him. The jury found Mrs. Burchett and her father and mother not guilty. They found Cummings guilty, but on his appeal the judgment was reversed, although it was held that there was sufficient evidence to take the case to the jury. The proof here is practically the same as the proof was there.

It is earnestly insisted that Mrs. Burchett was entitled to the benefit of the reasonable doubt in that case, but that here the case is to be tried on the preponderance of the evidence. The circuit court, sitting in the county and knowing local conditions, gave judgment in her favor. It is the rule of the court not to disturb the finding of the chancellor on the facts where the mind is left in doubt as to the truth. Under this rule the finding of the circuit court on the facts here cannot be disturbed. In fact, on a careful reading of the record this court reaches the same conclusion on the facts as the circuit court reached. Burchett was a good business man, of force and strength of character. There is no suggestion of an impaired mind. He went alone, about a week before the deed was prepared, to the attorney and told him how he wished the deed prepared, and later returned bringing his wife with him, when the deed was executed. There is no proof of any misconduct by Mrs. Burchett, unless she was an accomplice in the poisoning of her husband, and the evidence is not sufficient to show this. A child was born to them not long after her husband's death and since then she, too, has died.

Judgment affirmed.