## McIntosh v. Turner.

(Decided June 9, 1931.)

WILSON & WILSON for appellant.

W. C. EVERSOLE for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

W. D. Burns and Myrtle Burns, husband and wife, as joint owners of a town lot in the suburbs of Hazard, contracted with A. C. Turner to furnish material and to erect a dwelling thereon at the agreed price of $630 which was to be paid in installments. Payments sufficient to reduce their debt to $232.70 were made. There was also a store on this lot in which the owners formerly conducted a merchantile business, but, becoming financially involved, sold the business to A. C. Turner and John E. Turner.

A. C. Turner instituted this action against Sherman McIntosh in the Perry circuit court, and in his petition alleged, in substance, that Burns and wife had conveyed the lot to McIntosh and that the latter assumed and agreed to pay the balance due on the debt; that he had paid the sum of $35, leaving a balance of $197.70 yet due and unpaid. He further alleged that he had a lien on the property to secure the payment of his debt.

By answer and amended answer, McIntosh, in addition to a general denial, affirmatively alleged that Burns and wife purchased the property from him by deed, in which he reserved a lien for a part or all of the purchase price, and that the grantees, being unable to meet the payments, had reconveyed the lot to him in consideration of the cancellation of the purchase-money notes. He further alleged that there was no consideration for the alleged promise to pay Turner's debt, and that,

if such promise was made, it was not in writing, and pleaded the statute of frauds as a bar to Turner's right of action.

Proof was taken, and thereafter Turner filed an amended petition to conform to the proof, in which he alleged, in substance, that Burns and wife still held the legal title to the lot, and had entered into a collusive agreement with McIntosh to defeat the payment of his claim; that they gave out the information that they had sold the property, and soon thereafter left the state; that McIntosh did not purchase the lot, but was collecting the rent therefrom and applying same on his debt against Burns and wife.

The amended petition made Burns and Myrtle Burns parties to the action, and asked for judgment against them as well as against McIntosh, and also asked for a general order of attachment against the property, and that John E. Turner be summoned as a garnishee, it being alleged that he owed rent on the store building and residence.

It appears from the evidence that A. C. Turner sold his interest in the mercantile business to John E. Turner a short time after they purchased it. Before leaving the business, he credited $35 of the rent which they owed on the debt which he alleges McIntosh has assumed. McIntosh asserts that this was done without right or authority, and asked that he recover this amount by way of offset or counterclaim from Turner.

On final hearing, it was adjudged that McIntosh had assumed the payment of the balance due A. C. Turner from Burns and wife, and that he had a lien on the property to secure the payment of same, and that he recover of McIntosh the sum of $197.70, with interest and cost; that the attachment be sustained and the attachment lien enforced. McIntosh is here on an appeal from that judgment.

Both the appellant and appellee produced proof to sustain their respective claims. We deem it unnecessary to go into a detailed statement of the evidence, but think it sufficient to say that, notwithstanding the conflict, there was ample evidence to support the chancellor's finding.

By order of court, this action was consolidated with an action of McIntosh against Burns and wife, and none of the record in that case except a part of the depositions is in the record here, so we know nothing of the

nature of the action, whether it was a suit to enforce a purchase-money lien or was an action to enforce the specific performance of a contract to convey the property to him. We assume, however, from the nature of the judgment entered in this case, that appellant was adjudged to be the owner of the property.

It is most earnestly urged by counsel for appellant that the alleged promise to pay the balance due Turner from Burns and wife comes within the statute of frauds. If Burns and wife did convey or contract to convey to appellant the property in question, and, as a part of the consideration for their so doing, appellant assumed and agreed to pay Turner the balance due him, his promise and agreement does not come within the statute of frauds (1930, sec. 470). Jennings v. Crider, 65 Ky. (2 Bush) 322, 92 Am. Dec. 487; Hodgkins v. Jackson, 70 Ky. (7 Bush) 342; 25 R. C. L. 507.

Counsel for appellant have devoted much of their brief to an argument that the court erred in adjudging appellee a lien under section 2463 et seq., Ky. Statutes. This argument overlooks the fact that it was the attachment lien and not a mechanic's or materialman's lien that was enforced by the court. Counsel does not seem to call in question the judgment of the court sustaining the attachment, and nothing appears in the record to indicate that the court's judgment in that respect was improper.

The general rule is that the finding of the chancellor on questions of fact will not be disturbed on appeal, unless manifestly contrary to the weight of the evidence. Briscoe et al. v. Briscoe, 225 Ky. 804, 10 S. W. (2d) 294; Combs et al. v. Casebolt, 233 Ky. 192, 25 S. W. (2d) 365. Appellant's counsel recognize and refer to this well-known rule in their brief.

Judgment affirmed.