## King et al. v. Gregory et al.

## City of Paducah v. Same.

(Decided March 25, 1932.)

232

A. E. BOYD for King and Southern Roads Co.

W. MIKE OLIVER for Gregory.

W. V. EATON for City of Paducah.

OPINION OF THE COURT BY JUDGE RICHARDSON—
Affirming.

The appeals in the above-entitled actions are presented on the same record. The Southern Roads Company instituted an action in the circuit court of McCracken county to enforce a contractor's lien existing under the ordinances of the city of Paducah by virtue of section 3096, Ky. Stats., on the property of C. M. Gregory for the construction of Cairo street in the city of Paducah, fronting his property. Fain W. King and Roscoe Reed instituted an action in the same court against C. M. Gregory and Alice Gregory wherein they set out they had purchased and accepted a deed from them for a certain lot in the city of Paducah, fronting on Cairo street, and that they had failed to deliver possession to a portion of the lot. They sought specific performance, or, if it were refused by the court, damage for the value of the portion of the lot which they alleged the Gregorys had failed to deliver to them.

In the second entitled action, C. M. Gregory made his answer a cross-petition against the city of Paducah, wherein he sought, against it, to recover damage which he claimed was $800 for a strip of his land, fronting on Cairo street, of which he alleged the city of Paducah had wrongfully taken possession, and constructed thereon a portion of Cairo street. The court tried both actions without the intervention of a jury. A decree was entered awarding to the Southern Roads Company

$642.67, with interest from September 27, 1929, against C. M. Gregory for the cost of the construction of Cairo street in front of his property, with a lien on his property to secure this sum to the extent of one-half of the gross proceeds arising from the sale of his property subject to any credits that might thereafter be adjudged for taxes against the property. C. M. Gregory has not asked by a direct appeal, nor by a cross-appeal, for a review of the judgment as it concerns him and the Southern Roads Company.

A judgment in his behalf was rendered for $400 and costs against the city of Paducah, for the value of his land which the court found the city of Paducah had utilized in the construction of Cairo street. The city of Paducah appeals from this portion of the judgment.

Gregory has neither appealed, nor asked for a cross-appeal, from the judgment as it affects him and the city of Paducah. The court reserved the question whether he would require the city of Paducah to pay any part of the $642.67 judgment, in favor of the Southern Roads Company. The property of C. M. Gregory fronting on Cairo street was directed to be sold by the master commissioner to satisfy the lien of the Southern Roads Company. King and Reed were denied relief against Gregory. From the judgment dismissing their petition, they appeal. From the judgment on the cross-petition of Gregory against the city of Paducah, it has appealed.

The decisive issue in both cases is whether C. M. Gregory owned the strip of land along Cairo street, which he claimed in his cross-petition and also claimed at the time he conveyed to King and Reed a portion of his lot, all of which, they claim, was covered by his deed, and which Gregory claims was used by the city of Paducah in the construction of Cairo street, both in front of his property, and that of King and Reed.

Prior to 1906, Cairo street was a public highway of McCracken county, when the corporate limits of the city of Paducah were extended to include it and Gregory's property. It is the theory of Gregory that his deed included the strip in controversy in the action of King and Reed, and in his cross-petition against the city of Paducah, and that it was no part of the county highway at the time the highway was taken in by the city. Without detailing the evidence appearing on this issue, it is satisfactorily shown that the strip was not a part of the

county highway at the time it was taken in by the city, and that it was, and had been for many years, prior thereto, under fence by those by and through whom Gregory asserts title. The presence of the fence inclosing the strip, and its occupancy for years, show it was a part of the inclosed premises of Gregory and those under whom he holds title both prior to and since the Cairo road became a street of the city of Paducah. This fact is established without any contradictory evidence on behalf of the city. The city relies on the testimony of Bradshaw and Washington, both of whom admitted they had no knowledge of the width of Cairo street before or since it became a part of the city. Neither a deed of conveyance nor a plat of the city is found in the record, showing either the source of title or the width of Cairo road at the time it was acquired by the city.

A county road when taken into a city by annexation of the territory which it traverses becomes a city street without formal action on the city's part. City of Louisville v. Brewer's Adm'r, 72 S. W. 9, 24 Ky. Law Rep. 1671; Gernert v. City of Louisville, 155 Ky. 589, 159 S. W. 1163, 51 L. R. A. (N. S.) 363; Tolliver v. Louisville & N. R. Co., 226 Ky. 132, 10 S W. (2d) 623; City of Ashland v. Cummings, 194 Ky. 645, 240 S. W. 63.

The extension of the boundary of the city thus included Cairo road, which ipso facto became a street of the city. By the extension of the boundary of the city it became a street of the city necessarily of the same dimensions that it was when a county highway.

A stone on the south side of Cairo road, twenty feet from the center of it, was used by the city engineers to determine the width of the street at the time the Cairo road was surveyed for the purpose of the construction of the street, thus including the strip of land of Gregory, Fain, and Reed. A plat of Cairo street was made by the engineers of the city, and also of the land of Alice Gregory, C. M. Gregory, and King and Reed, fronting on Cairo street. It now appears in the record. The stone shown by it was used by the engineers in locating Cairo street. It is shown by the evidence, including the plat, not to be a corner of the land of Gregory, King, and Reed. It appears at the southwest corner of the lot of Alice Gregory. The plat shows she owns two lots between the stone and the lot of C. M. Gregory. The land adjoining her lot on the opposite side of C. M. Gregory's lot appears to have been subdivided into lots.

There is no evidence showing when this stone was planted, by whom, or what for. It is not in anyway authenticated, even as a recognized corner by Alice Gregory, or the adjoining lot owners. Conceding arguendo that it is a monument marking the correct corner of the adjoining lots, the fact remains that Gregory and those under whom he claims, at the time the city limits were extended so as to include the Cairo road and Gregory's land, had the actual, continuous, open, and adverse possession of the strip of land covered by his deed, extending from his corner, as called for in his deed, to a point of the angle which he conveyed to King and Reed. No evidence was offered by the city touching the value of the strip claimed by Gregory. The evidence as to his, King's, and Reed's title of the strip in controversy sustains the finding of the chancellor. It is a familiar rule that the court will not disrupt the finding of the chancellor when supported by the weight of the evidence, Forguson v. Newton, 212 Ky. 92, 278 S. W. 602, nor will his judgment be reversed for insufficiency of evidence unless his finding is against the preponderance of the evidence, Shannon v. Duffield, 218 Ky. 770, 292 S. W. 322; Main v. Sevier, 221 Ky. 828, 299 S. W. 972; Spears v. Howell, 222 Ky. 370, 300 S. W. 878; James' Exr. v. Skaggs, 224 Ky. 236, 5 S. W. (2d) 1039; Sherman's Exr. v. Keller, 225 Ky. 25, 7 S. W. (2d) 496. Even though his finding is against the preponderance of the evidence, unless the error therein is shown with reasonable clearness, this court will not disturb his finding. Katz v. Earl & John Scott, 229 Ky. 738, 17 S. W. (2d) 1024. If his finding of fact is supported by the great preponderance of the evidence, it cannot be disturbed. Ohio Valley Fire & Marine Ins. Co., Receiver, v. Newman, 232 Ky. 363, 23 S. W. (2d) 548; Hatcher-Powers Shoe Co. v. Kirk, 233 Ky. 19, 24 S. W. (2d) 903; Blackburn v. Smith, 236 Ky. 387, 33 S. W. (2d) 336; Jones v. O'Connell, 237 Ky. 219, 35 S. W. (2d) 290. If his finding of fact is in doubt this court will not disturb it. Burchett v. Burchett, 237 Ky. 411, 35 S. W. (2d) 557; People's Bank v. Baker, 238 Ky. 473, 38 S. W. (2d) 225. If the facts are disputed, there being evidence in support of the chancellor's finding, it will be followed. Williams v. Little, 234 Ky. 440, 28 S. W. (2d) 504; Reusch v. Hemmer, 236 Ky. 546, 33 S. W. (2d) 618; McIntosh v. Turner, 239 Ky. 495, 39 S. W. (2d) 966.

The only other error complained of by the city is that the court erred in not determining the value of Gregory's lot for street assessment purpose before ordering a sale to determine its value. Section 3096, Ky. Stats. This court has frequently stated the rule that

"It is essential that the amount of the assessment be ascertained in order that the property owner may pay it, and the city is not entitled to the test of a sale for a determination of the value of property in cases of this character. The court must value the property and ascertain the correct amount of the assessment in advance of any sale." City of Paducah v. Yancey, 205 Ky. 676, 266 S. W. 346; City of Covington v. Schlosser, 141 Ky. 838, 133 S. W. 987; Tuggle v. Marsee, 231 Ky. 650, 21 S. W. (2d) 1022; Thompson v. City of Williamsburg, 229 Ky. 81, 16 S. W. (2d) 772, 775; Ithaca Trust Co. v. United States, 279 U. S. 151, 49 S. Ct. 291, 73 L. Ed. 647.

It cannot be doubted that the applied rule in such cases is for the benefit of the property owner and not for the city. The city was granted by the judgment a right to which it was not entitled, and it cannot be heard to complain. The property owner is the one who was prejudiced by the judgment of the court directing the sale before a determination of the portion of the assessment which the owner and the city should respectively pay. The property owner is not here complaining, either by a direct or cross-appeal. The city is in no attitude to complain of a judgment more favorable to it than that to which it was entitled. Fidelity & Deposit Co. of Maryland v. Com., 231 Ky. 346, 21 S. W. (2d) 452; Meuth v. Long's Admr., 50 S. W. 967, 21 Ky. Law Rep. 21.

The judgments are affirmed.