## City of Louisville v. Lausberg.

(Decided December 2, 1914.)

Appeal from Jefferson Circuit Court
(Common Pleas, Third Division).

1. Municipal Corporations—Establishment of Street Grade—Damage to Property—Liability of City.—In the absence of corruption and bad faith on the part of the officers of the city, no recovery can be had for consequential damages to property growing out of the original establishment of the grade of a street; but damages may be recovered for the negligent construction of the street on the established grade.

2. Municipal Corporations—Establishment of Street Grade—Change of Original Grade—Liability for Damage to Property.—The grade of a street once established, though the street be not graded or constructed in accordance with that grade, cannot thereafter be changed without subjecting the city to liability for damages to any property owner who has purchased or improved property, or otherwise acted on the faith of the established grade, and it was not error to so instruct the jury.

3. Appeal—Competency óf Evidence—When Not Necessary to Pass On.—Held not necessary to pass on the competency of evidence, the admission of which .was not, in the opinion of the. court, prejudicial to the substantial rights of appellant.

4. Pleading—Amendments—Permission to File—Limitation on Discretion of Trial Court.—The only limitation upon the discretion of the trial court in allowing amended pleadings to be filed is that they must be in furtherance of justice and must not substantially change the claim or defense.

5. Pleading—Amendments—Abuse of Discretion.—In an action for damages against a city for injuries to property, the trial court did not abuse its discretion in refusing to permit the city to file an amended answer pleading that the work was done by an independent contractor, where the case had been pending for over a year, and the issues had been made up for about six months, and the case had been assigned for trial and then continued, and the amendment was not offered until the case was called for trial a second time.

LEON P. LEWIS and PENDLETON BECKLEY for appellant.

McDERMOTT & RAY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

In this action for damages for injury to his property, alleged to have resulted from a change of grade and from the negligent prosecution of the work of construction, plaintiff, Frank H. Lausberg, recovered a verdict and judgment against the defendant, City of Louisville, for the sum of $500. The city appeals.

Briefly stated, the facts are as follows:

Several years ago the Caperton heirs owned a tract of land which they divided into lots, streets and alleys. One of the streets was named Underhill street. This street was a dirt road, and sloped gradually towards the creek in that vicinity. On March 5, 1901, about eight months prior to plaintiff's purchase of his lot on Underhill street, the General Council of the city of Louisville established by ordinance the grade for that street, but the street was never graded or constructed according to that grade. Thereafter, plaintiff built a house. During the year 1911 the General Council established a new grade for Underhill street, and the street was constructed in accordance with that grade. The evidence tends to show that the new grade established in 1911 is about six inches higher than the grade established in 1901. Defendant's evidence shows that plaintiff's house

was not built in accordance with the grade first established, and that his property was damaged but little by the change of grade. Plaintiff's evidence, however, is to the effect that his property was considerably damaged by the change of grade, and that it would not have been damaged to any appreciable extent if the street had been constructed upon the first grade established by the city. It further appears from plaintiff's evidence that the work of construction was begun in the fall of 1911, and was not completed until the middle of May, 1912. During this time, the street was torn up, dirt, bricks and other material were piled up in the street and sidewalk, which caused dirt and water, etc., to be thrown on his property. During a period of six or eight months, plaintiff's ingress and egress to and from his property were seriously interfered with, and he was deprived of the comfortable enjoyment of his property.

(1) It is the law of this State that, in the absence of corruption or bad faith on the part of the officers of the city, no recovery can be had for consequential damages to property growing out of the original establishment of the grade of a street. However, damages may be recovered for the negligent construction of the street on the established grade. City of Owensboro v. Hope, 128 Ky., 524; Philpot v. City of Tompkinsville, 148 Ky., 511; City of Louisville v. Sauter, 149 Ky., 721. It is the contention of the city in this case that the grade originally established was a mere paper grade, and as the street was not constructed or graded in accordance with that grade, the establishment of the new grade in 1911 was the original establishment of the grade of the street, for which no damages can be recovered. In other words, the city's position is that so long as no grading or construction work is actually done, it is within the power of the city to alter the grade and construct it according to the grade thus established without subjecting itself to any liability to property owners. If this rule were adopted, without qualification, the consequences would be disastrous to property owners purchasing or improving property on the faith of the original grade. It cannot be said that so serious an act as the establishment of the grade of a street by the city's highest officials should be regarded as merely tentative and subject to change at any time without regard to its prejudicial effect upon those who act, and who have the right to act, in the belief that no change will be made.

After careful consideration of the question presented, we have reached the following conclusion: The grade of a street, once established, though the street be not graded or constructed in accordance with that grade, cannot thereafter be changed without subjecting the city to liability for damages to a property owner who has purchased or improved property, or otherwise acted on the faith of the established grade. The grade in such a case can only be changed without liability for damages where it can be done without prejudice to the rights acquired on the faith of the grade so established. Nor do we think a party is precluded from asking damages where he does not build in accordance with the grade originally established. He may be willing to suffer such damages as may arise out of the difference between the location of his building and the original grade. He has the right to act in the belief that he will be required to suffer no additional damages. If, therefore, the original grade is changed, and the street constructed in accordance with the changed grade, he may recover for such damages as grow out of the change. As this is what the court told the jury, the instructions are not subject to complaint.

(2) It is next insisted that the court erred in permitting plaintiff to testify that some person in the engineer's office told him that the originally established grade conformed to the grade of Underhill street as it then existed, and u͵on the faith of this statement he built his house to conform to that grade. Whether or not this evidence was incompetent, we deem it unnecessary to decide, since we do not regard its admission as prejudicial to the substantial rights of defendant.

(3) Another ground for reversal is the refusal of the trial court to permit defendant to file an amended answer pleading that the work of construction was done by an independent contractor. The only limitation upon the discretion of the trial court in allowing pleadings to be filed is that they must be in furtherance of justice and must not change substantially the claim or defense. Civil Code, Sec. 134; Greer v. City of Covington, 83 Ky., 410. It appears that the case had been pending for over a year. The issues had been made up for about six months. It had been assigned for trial and continued because of the absence of one of defendant's witnesses. It was then re-assigned and called for trial a second time, when the amendment in question was tendered. As to one of the causes of action the amendment presented an

entirely new defense. In view of these facts, we cannot say that the trial court abused its discretion in refusing to permit the amendment to be filed.

Judgment affirmed.