## Price Brothers v. City of Dawson Springs.

Price v. City of Dawson Springs.

(Decided February 1, 1921.)

## Appeals from Hopkins Circuit Court.

1. Municipal Corporations—Sewers—Damages.—The legal obligation of a municipal corporation to construct sewers is one to be

voluntarily assumed, and if it does not undertake to create a system of sewers it is not responsible for damages caused by freshets. But when the municipality assumes the obligation of constructing a sewer it must keep the same in good order and repair, and is liable in damages for injuries caused by its failure so to do.

2. Municipal Corporations—Sewers—Overflows.—If the municipality owns or controls a sewer, its duty goes no farther than to see that it is so constructed and maintained as to carry off sewage emptied into it and prevent such overflows of the premises of property holders of the city as may be caused by ordinary rainfalls, i. e., such heavy rainfalls as might reasonably be expected in the locality. The city will not be responsible for overflows from extraordinary rainfalls, such as are not reasonably to be expected.

3. Municipal Corporations—Sewers—Damages.—Where in an action brought against a city by a property owner to recover damages for an overflow of his lot and building from a sewer, caused, as alleged, by the defectiveness of the sewer, and the answer of the city denies its ownership and control of the sewer; also that it was defective and controverts the plaintiff's right to damages, the issues thus made are to be determined by the jury under proper instructions of the trial court, from all the evidence introduced by the parties; and where, as in this case, the evidence is conflicting and the instructions correctly give the law, a verdict for the city will not be disturbed unless found to be flagrantly against the evidence, which does not appear.

YOST & FRANKLIN for appellants.

J. A. JONSON and LAFFOON & WADDILL for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

In these two actions against the city of Dawson Springs, the first instituted by a partnership composed of Geo. M. Price and J. M. Price, engaged in the retail drug business under the firm name of Price Brothers; the second by J. M. Price, damages were attempted to be recovered of the city for the flooding, as alleged in each petition, of the basement of a brick building on Railroad avenue owned by J. M. Price and occupied by Price Brothers as a drug store, by overflows of water and sewage from a sewer which the city negligently constructed and maintained in such defective condition as made it too small and otherwise insufficient to carry off the sewage and water from ordinary rainfalls that necessarily ran into and were intended to be carried off by it. The damages amounting to $1,000.00, claimed

by Price Brothers, were for the alleged injury to and destruction by such overflows of certain merchandise carried in stock and for sale in their business, which they, as further alleged, were necessarily compelled to store in the basement of the building. The damages of $500.00 claimed by J. M. Price were for alleged injuries to the building in question caused by flooding of the basement.

The answer filed by the city of Dawson Springs in each action contained two paragraphs; the first traversing the allegations of the petition therein, and the second alleging that the flooding of the building was caused by unusual and extraordinary rainfalls, and that the owners of the drug store and owner of the building were guilty of contributory negligence in failing to make any effort to drain the basement, or to remove the merchandise therefrom, both and either of which, it was alleged, might have been done by the use of ordinary care before the merchandise was reached or injured by the water overflowing the basement. All affirmative matters of the answers were controverted by replies. By agreement of the parties the two actions were submitted and tried together in the court below, the jury returning in each case a verdict for the city. New trials were refused the unsuccessful parties, respectively; and as by these appeals the judgments entered upon the respective verdicts in that court are before us for review and the two appeals have been submitted and considered together, the decision we have reached in each case and the reasons therefor will be set forth in this single opinion.

Two grounds are urged by appellants' counsel for a reversal of the judgments appealed from: First, that the verdicts are unsupported by and flagrantly against the evidence. Second, that the trial court did not properly instruct the jury. As bearing on the first of these contentions it should be remarked, that the appellee's ownership of the sewer is put in issue by the pleadings; it being not only denied in each of the answers that it was or is owned by the city, but also that it constructed, maintained or at any time controlled it, and we have rarely found evidence more conflicting than that contained in the record on these issues; that of appellants conducing to prove the city's construction and ownership of the sewer, and that of appellee as strongly conducing to prove that, except where it crosses the street known as Railroad avenue, the sewer is upon or under privately

owned lots of citizens of the city and that it was constructed and is maintained at the expense of these owners or others unconnected with the city government. It is true evidence was introduced in appellants' behalf to the effect that the sewer as originally constructed was changed by the putting in it of tile pipes by the Dawson Salts and Water Company from a point under its building across its lot and the court house lot; also that it lowered the sewer under its building below the cellar floor and placed a storm opening or manhole in the sewer on a lot in the rear of appellants' drug store; and to show appellee's consent to these changes in the sewer appellants introduced in evidence a resolution passed by its city council, but this resolution shows appellee's consent to the lowering of the sewer under the building of the Dawson Salts and Water Company and does not show appellee's consent to the laying of the tile pipes or opening of the man hole by that company. In other words the only change in or work on the sewer approved by the resolution passed by appellee's council, was under the building and lot of the Dawson Salts and Water Company, a private owner of the property affected, and as the only evidence of appellee's approval of the other work referred to in the pleadings or evidence was furnished by the oral testimony of two or three witnesses, and the only competent way of proving such approval was by some recorded action of its council to that effect, the oral evidence referred to, even had there been no evidence for appellants contradicting it, was incompetent and should have been excluded. The legal obligation of a municipal corporation to construct sewers is one to be voluntarily assumed, and if it does not undertake to create a system of sewers the city is not responsible for damages caused by freshets; but when it assumed the obligation of constructing a sewer it must use ordinary care to construct it properly and to keep the same in good order and repair, and is liable in damages for failure so to do. City of Maysville v. Brooks, 145 Ky. 126. Conceding, however, that the resolution in question establishes such control of the sewer by appellee as would make it responsible for injuries resulting from a negligent failure properly to maintain it, it would nevertheless remain to be seen whether the changes made in the sewer in question rendered it so defective as to cause the overflow of appellants' property complained of.

It is argued for appellants that the tile piping placed in the sewer so greatly lessened its carrying power as to·render it insufficient to pass off, as it had formerly done, the volume .of water collecting therein during ordinary rainfalls, and that this insufficiency, together with the lowering of the sewer under the building of the Dawson Salts and Water Company and putting in of the manhole made therein by that company, caused the water in the sewer to become obstructed and overflow therefrom through the manhole on the lot and into the building of appellants, thereby causing the injuries they sustained.  On the other hand it is the contention of appellee that the carrying power of the sewer has not been lessened by the alleged changes complained of by appellants; that the flooding of appellants' drug store building was caused by unusual and extraordinary rainfalls, which were not, and could not reasonably have been, expected in that locality, or by any degree of care guarded against.  Furthermore, that the loss of appellants' goods in the basement of the drug store might have been prevented by their removing them or putting them on temporary platforms above the standing water; and that in failing to so protect and preserve them appellants were guilty of contributory negligence, but for which the goods would not have been lost.  We find that the evidence respecting these issues between the parties is as conflicting as that relating to the issue first discussed.  Indeed, it would be a most difficult matter to determine in whose favor it preponderates.  There is, therefore, no ground whatever for appellants' contention that the verdicts were flagrantly against the evidence.  On the contrary the jury were properly permitted to pass upon it and having done so, and there being evidence to support their findings, their verdict in each of the cases must stand, unless there was some error committed by the trial court that can be said to have prevented appellants from obtaining a fair trial.

Our examination of the record has disclosed no such error.  Appellants' contention regarding the instructions cannot be sustained.  It is complained that instruction 1, in each case, though it properly told the jury they should find for the plaintiff if they believed from the evidence appellee negligently constructed or maintained the sewer in such manner as rendered it insufficient to carry off the water from ordinary rainfalls, it was fatal-

ly defective in failing to contain the additional words
"or such heavy rainfalls as might reasonably be ex-
pected in that locality." We do not regard this omis-
sion reversible error. The addition contended for
would have been proper, and it would be the better prac-
tice always to so word the instruction, but it will be
found from an examination of the authorities that the
instruction in both forms or either has been approved.
Hobson on Instructions, section 407; and after all is
said "ordinary" rainfalls, are such heavy rainfalls as
may reasonably be expected in the given locality. City
of Louisville v. Knighton, 30 R. 1037. The jury could
not have been misled by the failure of the trial court to
employ the tautology insisted upon by appellants and we
are unwilling to reverse the judgments because of such
failure.

Appellants also complain of the instructions respect-
ing the measure of damages, which authorized no re-
covery for permanent injury to the drug store building.
While such permanent injury seems to have been alleged
in the petitions the only showing of injury to the building
made by appellants' evidence was as to the diminution
of its rental value, for which reason the damages claim-
ed were properly confined by the instructions to such a
recovery. The rule regulating a recovery in this class
of actions is, that where the injury complained of is
permanent and but one recovery can be had, the deprecia-
tion in the market value of the property is allowable, but
if, as shown in these cases, the injury to the building is
temporary and can be readily repaired, then the measure
of damages is the depreciation in its rental value during
the period sued for, if rented out, or, if occupied by the
owner, the diminution in the value of the use of the prop-
erty caused by the injury. Pickerill v. City of Louisville,
125 Ky. 213; Central Con. Co. v. Pinkert, 122 Ky. 720;
C. & O. Ry. Co. v. Robins, 154 Ky. 387; City of Madi-
sonville v. Hardman, 29 R. 253; L. & N. R. R. Co. v.
Carter, 25 R. 759; Hutchison v. City of Maysville, 30 R.
1173. It being our opinion that no reversible error is
shown by the record in either of these cases, the judg-
ment in each is affirmed.