## Payne, et al. v. City of Lexington.

(Decided October 6, 1925.)

### Appeal from Fayette Circuit Court.

1. Eminent Domain—Damages to Property by Construction of Viaduct in Street Held for Jury.—Contested question of fact as to whether value of property was diminished or enhanced by construction of viaduct in street in front of it held for jury.

2. Jury—Jury's Verdict Not Disturbed on Appeal, Unless Flagrantly Against Evidence, Though Appellate Court would have Made Different Findings on Facts.—Jury trial being valued constitutional right, verdict will not be disturbed on appeal, where no error was committed, unless clearly or flagrantly against evidence, though Court of Appeals would have made different findings on facts, or verdict in its opinion is against weight of evidence.

3. Eminent Domain—Verdict Denying Damages for Construction of Viaduct in Street Held Not Flagrantly Against Evidence.—Jury's verdict for defendant city on issue whether value of property was diminished or enhanced by construction of viaduct in street in

front of it held not flagrantly against evidence so as to warrant reversal.

J. A. EDGE and GEO. W. VAUGHAN for appellants.

WM. H. TOWNSEND and JAMES A. WILMORE for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

This action was brought by appellants against the city of Lexington to recover damages for the injury to their property by reason of the construction by the city of a viaduct in the street in front of it. The allegations of the petition were controverted; proof was heard before a jury, who returned a verdict in favor of the defendant. The plaintiffs appeal.

There is no complaint of any error of the court in the admission or rejection of evidence, or in the instructions to the jury. The only complaint is that the verdict of the jury is palpably against the evidence.

The plaintiffs own a lot fronting 100 feet on the street and running back 100 feet. On this lot they have four houses which they rent out. The lot is higher than the street and one sitting on the porch of the houses is about on the level with the top of the viaduct. There is a space of about 16 feet between the viaduct and the curb. Two automobiles may pass in this space—two wide trucks cannot. The viaduct was constructed over a railroad track to avoid the danger of collisions with passing trains by reason of a grade crossing. Before the viaduct was constructed the street was in a bad condition and there was much dust from it. The viaduct has relieved this condition. The plaintiffs proved by a number of witnesses that their property before the viaduct was constructed was of value about $4,500.00, and by reason of the construction of the viaduct had been diminished in value about one-third. On the other hand, the defendant proved by about an equal number of witnesses that the construction of the viaduct enhanced the value of plaintiffs' property. The jury who saw and heard the witnesses are especially qualified to pass on such contested questions of fact. The merchant, the banker, the farmer, the builder, the bricklayer, the carpenter, the owner of real estate, the man who owns none, compose the jury and their verdict is the result of their common judgment

and experience. They are chosen from the best citizens of the county; they are wholly disinterested and their conclusion upon such questions of fact, after hearing and seeing the witnesses, is that way of settling the question which is guaranteed by the Constitution. Perhaps no constitutional right is more valued by the average citizen than the right to a jury trial. So it is that this court has steadily held that the verdict of a jury will not be disturbed here, though this court would have made a different finding on the facts or in its opinion the verdict is against the weight of the evidence; and that in order to set aside a verdict where no error was committed it must appear that the verdict is clearly or flagrantly against the evidence. Interstate Coal Co. v. Shelton, 160 Ky. 40; C. & O. R. R. Co. v. Salyer, 187 Ky. 144; Price v. Dawson Springs, 190 Ky. 349. The verdict of the jury here is clearly not flagrantly against the evidence.

Judgment affirmed.