### City of Prestonsburg v. Hubbard.

(Decided May 4, 1928.)

### Appeal from Floyd Circuit Court.

1. Eminent Domain.—Whether any portion of abutting lot was appropriated by city in making street improvement is solely a question of fact, in action to recover damages.

2. Eminent Domain.—In action for damages to abutting lot by street improvement, burden was on plaintiff to establish alleged fact that portion of lot was appropriated by city in making improvement.

3. Eminent Domain.—In absence of surveyor's testimony as to boundary of lot, or any testimony expressly or inferentially contradicting positive testimony by an old citizen living near by, that porches of buildings constructed thereon by former owner extended farther into street than portion of lot taken by excavation

for street improvement, court erred in not sustaining city's motion for peremptory instruction in action for damages.

4.   Eminent Domain.—Lot owner cannot recover damages from city for impairment of his means of ingress and egress to and from lot by street improvement, made pursuant to original establishment of grade, though city had maintained traveled way and constructed sidewalk, on opposite side of street.

5.   Eminent Domain.—If city encroached on abutting lot with excavation for street improvement, right of recovery limited to consequences of such encroachment would be available to lot owner.

ALEC H. SPRADLIN, JOE HOBSON, C. B. WHEELER, F. P. BELL and JOHN CAUDILL for appellant.

A. J. MAY and EDWARD L. ALLEN for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellee and plaintiff below, Malcom Hubbard, filed his petition in the Floyd circuit court against the appellant and defendant below, city of Prestonsburg, seeking to recover damages against it for injuries done by it to plaintiff's lot abutting on one of the streets of defendant, and which acts on its part were committed in improving the street at the expense of abutting property pursuant to an ordinance duly and regularly enacted for the purpose. The two items of damage alleged in the petition were: (1) That, in making the improvement, the city procured the contractor to take and appropriate a part of plaintiff's lot; and (2) that the excavation made thereby, of a depth of about 4 feet in front of plaintiff's property, injured and damaged it and destroyed or greatly impaired his means of ingress and egress thereto and therefrom.

The answer denied the averments of the petition, including the two essential facts to recovery, of ownership of the lot by plaintiff, and appropriating any of it in making the improvement. Another paragraph alleged that the improvement made was pursuant to the first and original establishment of the grade of the street in front of plaintiff's lot. Appropriate pleadings made the issues, and, upon trial before a jury, under the instructions submitted to it by the court, there was a verdict in favor of plaintiff for the sum of $500, which the court declined to set aside on a motion made for the purpose, and, from the judgment pronounced thereon, defendant prosecutes this appeal.

A number of errors are relied on for reversal both in the grounds for a new trial and in argument here, but they chiefly center around and are collateral to what we deem the material questions for solution and which are: (a) Whether any portion of plaintiff's lot was appropriated in making the improvement; and (b) whether plaintiff may recover if question (a) should be answered in the negative? We will consider those questions in the order stated.

Clearly question (a) presents solely one of fact, and we have searched the record in vain to find any evidence to support plaintiff's contention that any portion of his lot was appropriated or trespassed upon in making the improvement. The burden was on him under the condition of the pleadings to establish that fact, and he himself was unable to say in giving his testimony where was the location of the line between his lot and the street. His deed described the width of his lot abutting on the street and its depth, in feet, but he located none of its corners and of course testified to no measurements from any of them from which the jury or the court could determine the outside limits of the width of the street or the location of his line abutting thereon. His lot is upon the side of a hill declining toward the street, the foot of which extends partly out into the street. Before the improvement was made, the traveled way in the street's width was around the foot of the hill and near the opposite side of the street, and the excavation cut away that point and improved the street for a space for travel of about 17 feet wide, the excavation extending to what the city insists was the line of the right of way between the street and plaintiff's lot.

Some years ago the then owner of plaintiff's lot constructed two buildings thereon, one of which was a small residence and the other a small business house. Both of them were located near to the street. Either then, or some time thereafter, the owner constructed porches in front of each building from 6 to 8 feet wide, and in making the excavation for the improvement some of the dirt from under the porches was removed. Instead of plaintiff proving where his line was, the only legally reliable testimony upon that subject was given by an old citizen who lived a few doors away, to the effect that the porches extended out into the street over the foot of the hill (hereinbefore mentioned) a greater distance than was taken

by the excavation complained of in this case. If there had been a contrariety of testimony as to the true location of plaintiff's abutting line, then there would have been an issuable fact to be submitted to the jury; but, we repeat, neither plaintiff nor any of his witnesses gave any testimony that either expressly or inferentially contradicted the positive oral testimony of defendant's witness above referred to. Proper and credible testimony for plaintiff would have been that of a surveyor in locating the boundary of his lot pursuant to title papers and relevant records and data; but no such testimony was offered, and, since the burden was on him to prove this most essential fact to entitle him to recover, the court erred in not sustaining defendant's motion for a peremptory instruction.

Having answered question (a) in the negative, we will now briefly consider question (b). In the very recent case of City of Somerset v. Carver, 221 Ky. 552, 299 S. W. 191, we considered and determined, adversely to plaintiff, this question and all subsidiary ones involved therein. It was held in that opinion, following a number of others referred to therein, that a municipality is not liable for *consequential* damages to abutting owners growing out of improvement of its streets made and done pursuant to plans and specifications of an original or first fixing of their grades. It is admitted in this case that there had never been an enacted established grade in the street in front of plaintiff's property by the city of Prestonsburg; but it is slightly contended and intimated that, since the taking in of the territory, of which the street is a part, and wherein it was a country road prior thereto, the city had *maintained* the traveled way in the old right of way for the country road, and that such maintenance was tantamount to an original establishment of a grade for the street. It is further contended that the sidewalk constructed on the opposite side of the street some years ago was likewise tantamount to the establishment of the street's grade; but the Carver opinion expressly disposed of both of these contentions to the contrary. If, therefore, plaintiff was damaged because of impairment of his means of ingress and egress to and from his lot, as contended by him, he would then not be entitled to recover against defendant for such injuries, since the improvement was pursuant to an original establishment

of a grade for the street, and, having no right to recover for any such damages, then no evidence looking to the establishment of the measure of such recovery would be competent in the case.

Unless, therefore, defendant encroached upon plaintiff's lot with its excavation, he has no standing in court. If it should be proven, or there should be testimony on another trial that it did do so, then a right of recovery limited to the consequences of such encroachment, would be available to plaintiff. Since, however, no such encroachment was proven by any testimony tending to convince, or other tangible proof, as we have hereinbefore pointed out in determining ground (a), the case should not have been submitted to the jury. All other questions made, presented, or argued are undetermined and expressly left open.

Wherefore the judgment is reversed, with directions to grant the new trial and for proceedings consistent herewith.