## City of Paintsville v. Preston et al.

(Decided April 18, 1933.)

592

WHEELER & WHEELER and O. W. CAIN for appellant.

A. J. KIRK & SON for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

Mrs. M. C. Preston died intestate, leaving surviving her M. C. Preston, her husband, certain children, and grandchildren. At the time of her death she owned a residence situated on Fifth street in the city of Paintsville, Ky. A sanitary and storm sewer was constructed by the city of Paintsville on Fifth street, in front of this property, in 1923. It is in the center of the street, 9 or 10 feet below the surface. About two

years after it was completed, a street in front of the property was constructed. Before the city constructed the sewer, the land on Fifth street, of which the Preston lot was a part, was subdivided by the owners. The project of subdividing included the building, by the owners, of a sewer for the benefit of the Preston and adjoining lots. Some of the witnesses claim that it is 18 inches, others that it is 24, in diameter. It begins on the opposite side of the street in front of the Preston lot and runs back through the lot. Before Fifth street was constructed it was a dirt road. The city placed two catch-basins, each 28 inches in diameter, running into and connected with the 12-inch tile connecting the manhole with the sewer in the center of the street, and a third one was installed by the city in the private sewer which leads from the Preston and other lots. Inside the catch-basins and the openings going through the curbing, there is a tiling 5 inches in diameter and 32 inches in length, leading from the curb into the manholes, so connected as to make the catch-basins self-cleaning. The Prestons claim that the city sewer in front of their property is insufficient to convey the water of ordinary rainfalls and, by reason thereof, the water gathers in large quantities in front of it, causing the accumulation of mud and creating stenches and odors. They also claim that in constructing and paving the street the city built the curb higher than their property and the sidewalk in front of it, and by reason thereof "a deep depression of low elevation was left along the walk," hindering them in the use of their property. On a trial before a jury a verdict was returned in their favor for $500. The city appeals.

The city traversed and interposed a plea of limitation. The Prestons in the introduction of their evidence were not confined by the court to the damage occurring within the five years next before the commencement of the action. In the petition neither the month nor the year is set forth in which they claim their property was damaged by the flow of water into or over it by reason of ordinary rainfalls. M. C. Preston in his testimony admitted that when the private sewer was filled with water from rainfalls, the water in the basement would "boil up." It is also shown that the private sewer on one occasion was stopped by fragments of concrete. The evidence fails to furnish

sufficient information as to the dates of the extraordinary rainfalls of which the Prestons complain, nor is the damage resulting from the "boiling up" of the water from the connection in the basement with the private sewer distinguished from that which, if any, resulted from claimed inadequacy of the sewers of the city. However, without detailing the evidence we are prepared to say it was sufficient to authorize a submission of the case to the jury. But for the errors in the instructions of the court, a reversal is required. The court in his instructions authorized a verdict for the Prestons because of the construction of the curb. The instructions also authorized a recovery for damage by reason thereof for the use of the property. In this respect the instructions are erroneous. It is not charged, nor was it proven, that the street or the curb thereof was negligently, or in bad faith, constructed. Therefore no cause of action is stated on account thereof and no evidence should have been admitted concerning such consequential damages. The street had not previously been constructed by the city nor had the grade theretofore been fixed by it. It was an original grade and construction of the street. "A lot owner is not entitled to recover of a city for consequential damages to his lot resulting from the establishment of an original grade, and the construction of a street according to it, when not done negligently or corruptly or in bad faith." City of Hazard v. Eversole, 237 Ky. 248, 35 S. W. (2d) 313, 316; City of Louisville v. Lausberg, 161 Ky. 361, 170 S. W. 962; City of Somerset v. Carver, 221 Ky. 552, 299 S. W. 191. Applying this rule to the allegations and proof concerning the construction of the curb and the street, no recovery should have been authorized by the instructions of the court on account thereof. The instruction fixing the criterion of damage was not authorized by the evidence. The cause of the damage to the property during the period sued for was temporary and easily obviated. The property was rented and occupied by a tenant. In such case the measure of damage is the diminution of its rental value. Price Brothers v. City of Dawson Springs, 190 Ky. 349, 227 S. W. 470, and cases cited; City of Princeton v. Pool, 171 Ky. 638, 188 S. W. 758; City of Georgetown v. Kelly (Ky.) 123 S. W. 251; City of Louisville v. O'Malley, 53 S. W. 287, 21 Ky. Law Rep. 873. "The rule regulating a recovery in this class of cases is that, where the injury

complained of is permanent, and but one recovery can be had, the depreciation in the market value of the property is allowable, but if, as shown in these cases, the injury to the building is temporary and can be readily repaired, then the measure of damages is the depreciation in its rental value during the period sued for, if rented out, or, if occupied by the owner, the diminution in the value of the use of the property caused by the injury.'' Price Brothers v. City of Dawson Springs, 190 Ky. 349, 227 S. W. 470, 472.

No instruction authorizing a recovery for permanent depreciation of the property was authorized by the evidence, when the evidence of the damage because of the construction of the curb and street is eliminated as we have already indicated. The city is not liable for the damage resulting from extraordinary rainfalls, nor is it an insurer against damages from even ordinary rains. It was only its duty to use ordinary care to construct a sewer sufficiently large to carry off ordinary rainfalls that might be expected to occur in that locality from the territory it drains and provide catch-basins or drains into the sewer sufficient to carry off such ordinary rainfalls or such amount of water as might be expected to accumulate on the surface at that point. If the sewer when constructed by the city meets these requiremens, it is not liable to a property owner for such damage, unless it fails to exercise ordinary care to keep the catch-basins or drains from the surface into the city sewer in such condition that they will carry off the surface water collected at the point, and such failure causes the damage to the owner. It is the owner's duty to exercise ordinary care for the protection of his property, and if he fails to exercise ordinary care for the protection of his property, and by reason of such failure he helps to cause or bring about the injury, and when but for such failure, if any there was on his part, the property would not have been injured, such failure on his part precludes a recovery therefor of the city.

If in this case, after the grade of the street was fixed by the city and the street constructed according to the fixed grade, ''there was a deep depression of low elevation along the sidewalk,'' and thereby Prestons' property was damaged by the accumulation of mud, or the creation of ''stench and odors,'' the city is not liable therefor, but such must be regarded as the proximate result of Prestons' negligence in failing or refus-

ing to protect their own property, and if need be to avoid such damage to reconstruct the sidewalk so as to make it conform to the grade of the street as fixed by the city.

It is in evidence that the Preston property was protected by both the sewer of the city and the private sewer; that the connection in the basement with the private sewer permitted water to ''boil up''; that the private sewer was permitted by the owners to be closed by fragments of cement, and by reason thereof water flowed on to the Preston property. The instructions of the court as given, notwithstanding the evidence respecting these sources of damage to the property, permitted the jury to impose damages therefor on the city. The instructions should be so written that the jury may not impose damage on the city for water ''boiling up'' in the basement by reason of the connections therein with the private sewer, and to preclude it assessing damage against the city for the overflow from the private sewer by reason of the presence of fragments of cement, and also from assessing the consequential damage caused by the fixing of the original grade and construction of the street on a different level of the sidewalk. The evidence should be confined to the issues submitted by the instructions, and to the sewage system, considering the private sewer, and to the extraordinary rainfalls within five years next before the commencement of the action. The instructions should apprise the jury of the duty of the parties to exercise ordinary care as we have indicated.

The city insists that the damages assessed are excessive, but since the case must be retried and this question may not again arise, we express no opinion as to it.

For the reasons indicated, the judgment is reversed for proceedings consistent with this opinion.