# Lewis v. City of Whitesburg.

(Decided March 20, 1934.)

W. H. LEWIS and HOGG & MOORE for appellant.

J. L. HAYS and EMERY L. FRAZIER for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

The city of Whitesburg acting under appropriate ordinances contracted with the Hart Construction Company to grade and construct Cowan street. W. H. Lewis owned certain lots situated on this street. He claims while it was being constructed in accordance with a contract between the city and the Hart Construction Company, his property, fronting thereon, was damaged by the lowering of the grade, the encroaching on his lots, and the leaving of an embankment unprotected by a retaining wall, causing erosion, directly injuring his property.

At one time Cowan street was a county highway. The corporate limits of the city were extended to include the territory embracing it. Lewis holds title to his property under three deeds; one executed and de-

livered by the master commissioner of the circuit court, and two by individuals. They contain the metes and bounds of his lots, calling to "run with the public road," or "Cowan road." The court sustained a demurrer to so much of his petition as amended as sought to recover on the ground his property was damaged by the fixing of the grade of the street. His contentions here are that in the construction of the street the city and its contractor in charge of the work encroached upon his property, excavated and dug into same from 1½ to 3 and 4 feet along the entire length of his lots and at certain points made even greater encroachments; the court erred in failing to submit "the question of the value of his property taken in the street's reconstruction"; and also in sustaining a demurrer to his petition as amended.

Many years ago, "Cowan road" was by proper orders of the county court declared a county highway. It traversed the territory later taken in by the city, by the process of annexation. It therefore became a city street without formal action of the city. King v. Gregory, 243 Ky. 231, 47 S. W. (2d) 1019. For street purposes, it succeeded to the rights of the county (City of Middlesboro v. Ky. Utilities Co., 237 Ky. 523, 35 S. W. [2d] 877; Tolliver v. L. & N. R. R. Co., 226 Ky. 132, 10 S. W. [2d] 623), and as to the city, and the property abutting thereon, it stands on the same footing of any other street in the city. Gernert v. City of Louisville, 155 Ky. 589, 159 S. W. 1163, 51 L. R. A. (N. S.) 363.

The logic of the insistence of Lewis is, the court erred in sustaining the demurrer to the petition as amended, in so far as it sought consequential damages arising from the grading of the street, because "homes were built along each side of the road with respect to its grade as fixed by Letcher County Court, which grade was acquiesced in, kept up, and maintained, by the City until a short time before the institution of this action, when an ordinance was passed by the City Council providing for a reconstruction of the road, widening and paving same," and also because of the excavation, lowering, and widening of the street fronting his property, he is entitled to damages resulting therefrom.

In City of Paintsville v. Preston, 248 Ky. 591, 59 S. W. (2d) 542, 543, we said:

"It is not charged, nor was it proven, that the street or the curb thereof was negligently, or in bad

faith, constructed. Therefore, no cause of action is stated on account thereof and no evidence should have been admitted concerning such consequential damages. The street had not previously been constructed by the city nor had the grade theretofore been fixed by it. It was an original grade and construction of the street. 'A lot owner is not entitled to recover of a city for consequential damages to his lot resulting from the establishment of an original grade, and the construction of a street according to it, when not done negligently or corruptly or in bad faith.' City of Hazard v. Eversole, 237 Ky. 248, 35 S. W. (2d) 313, 316; City of Louisville v. Lausberg, 161 Ky. 361, 170 S. W. 962; City of Somerset v. Carver, 221 Ky. 552, 299 S. W. 191.''

The petition as amended in the present case discloses Cowan street was and had been in the condition of an old county highway until it was graded and constructed by the Hart Construction Company, in pursuance to the ordinances of the city. Therefore, the court in sustaining the demurrer properly followed the rule reiterated in City of Paintsville v. Preston, supra. The propriety of giving the peremptory instruction must be determined by the evidence.

Whether the city in the construction of the street encroached upon the lots of Lewis was solely a question of fact. The burden of proof was on him to establish the location of the front line of his lots and the portion appropriated by the city in the street's construction. The fact the city had used or even maintained a traveled way on the street of less width than the concrete structure, with curbs, did not show the city, when grading, lowering, and widening the street, thereby encroached upon the lots of Lewis. Lewis and the witnesses in his behalf declared they did not have any knowledge of the location of the line of his property fronting on Cowan street. Conceding the absence of evidence showing, or tending to show, the location of the line of his property on Cowan street, he argues his deeds show:

"The front line of his lot calls to 'run with the public road.' Consequently, his deeds calling to 'run with the public road,' his property line extends to the center of the road, subject, however, to the right of the public to use the road for its width. Having established this fact, it then devolved on

appellant to establish the width of said road. This he did by showing the road as it was originally laid out and established by orders of the court was only 12 feet wide, and when the City of Whitesburg took over the road, if it ever did, it took and had no greater right than was originally given. If the City ever acquired more than 12 feet for the road, it was its duty to establish such fact. However, it failed to do so. As the proof shows now that the City laid a pavement 15 feet in width along the road; it most assuredly took 3 feet of property from the abutting landowners." "The center line was practically on the old road."

We do not accept, nor concur in, the logic of this presentment.

The order of the court he alludes to directed the opening of "Cowan road" and C. S. Day, the appointed overseer, "to dig said road 12 feet wide, clear 14 feet high and 15 feet wide and keep said road in repair as the law directs." It should be noted its language is confusing and conflicting, in that it directs the road to be 12 feet and also 15 feet wide, the latter being the width of the street as it was constructed.

The evidence in his behalf does not locate his property line. That in behalf of the city fairly establishes his grantor constructed a fence on the top of the bank, several feet from the brink of the road, and on the opposite side of the road, the owners set their fence several feet from the traveled way and constructed a board walk 24 inches in width between it and the fence. The distance between these fences at the time he acquired title to his property was approximately 20 or 25 feet, with the traveled way about 7 feet near the center of this space. It is also shown as time expired the dirt from his lots washed to the opposite side of the road and eventually occupied the space of the board walk, thus moving the traveled way from Lewis' property. It is shown when he purchased a portion of his property at the commissioner's sale, the sale was had on the property where he bid for it and at that time flags were at either corner of the property he purchased, several feet from where the line of the street was constructed by the city and the commissioner making the sale then and there imparted to the bidders, including Lewis, the flags indicated the front line of the property he was selling.

As to the damages because of the embankment left fronting his lots, such are within the category of consequential damages.

Without further detailing the evidence, it is our conclusion the evidence entirely fails to establish the city encroached upon his property in its construction of the street. The principles reiterated in City of Prestonsburg v. Hubbard, 224 Ky. 326, 6 S. W. (2d) 277, when applied to the proven facts herein, make it clear no error was committed by the trial court in the giving of the peremptory instruction.

Wherefore, the judgment is affirmed.