## Adkins v. Harlan County et al.

(Decided May 14, 1935.)

G. G. RAWLINGS for appellant.

ELMON MIDDLETON for Harlan County.

H. H. OWENS and F. M. JONES for Patterson Const. Co.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The appellant, May Adkins, sued the appellees, Harlan county and the Patterson Construction Company, to recover damages for the taking of and injury to her land in the construction of a state highway, the grade of the old county road having been lowered.

At the close of all the testimony, the court directed the jury to find for the defendants. Only a transcript of the evidence introduced by the plaintiff is brought to us. The appellant argues that she established a cause of action, and the evidence introduced by the defense, whatever it might have been, must be disregarded. She submits authority to the effect that whether a peremptory instruction should be given must be determined by the plaintiff's evidence, without reference to any facts presented by defendant. Ordinarily that is correct, but it cannot be so in every case, for the defendant's evidence may elucidate or make certain that which the plaintiff left uncertain, without being a contradiction thereof. Lewis v. City of Whitesburg, 253 Ky. 480, 69 S. W. (2d) 989. The giving of a peremptory instruction at the conclusion of all the evidence rests on the whole of it, although it must be construed as favorably to the opposing party as is reasonable, and all logical inferences must be indulged in his behalf. Stanley's Adm'r v. Duvin Coal Co., 237 Ky. 813, 36 S. W. (2d) 630; City of Ludlow v. Albers, 253 Ky. 525, 69 S. W. (2d) 1051.

The evidence of the plaintiff before us is confusing in its obscurity and indefiniteness as to her property line and as well in the general relation of the highway to it. Moreover, in this kind of case, to recover against the county it must have been shown that the taking of the property, including direct injuries, as by causing its subsidence, was in accordance with the prudent plans of the state highway commission, and not otherwise. Perry County v. Townes, 228 Ky. 608, 15 S. W. (2d) 521; Barass v. Ohio County, 240 Ky. 149, 41 S. W. (2d) 928; City of Ashland v. Queen, 254 Ky. 329, 71 S. W. (2d) 650. To recover against a contractor, it must be shown that it was due to his negligence or trespass, and not to his having done the work in conformity with the plans of the commission. Hall v. Ellis & Brantley, 238 Ky. 114, 36 S. W. (2d) 850; Combs v. Codell Construction Co., 244 Ky. 772, 52 S. W. (2d) 719.

We doubt whether the plaintiff's evidence, standing alone, was sufficient to show that the defendant contractor did any of the work at all, or whether the damages resulted from the nature of the construction or from negligent manner in which it was done. See City of Prestonsburg v. Hubbard, 224 Ky. 326, 6 S. W. (2d) 277.

However, it is possible that the defendants' evidence proved that none of those conditions existed by having located the property line with certainty so as to show no encroachment (see Lewis v. City of Whitesburg, supra), or by having shown that one or the other of the essential grounds, upon which the plaintiff's right of action must have rested, did not exist, and thereby, that one or the other of the defendants was exonerated from liability. Since it is not before us, it must be presumed that the evidence did so, and that the entire record authorized the judgment. Edrington v. Payne, 225 Ky. 86, 7 S. W. (2d) 827; Lewis v. Kash, 239 Ky. 117, 38 S. W. (2d) 978; Milner v. Gibson, 249 Ky. 594, 61 S. W. (2d) 273; Patterson v. Miracle, 253 Ky. 347, 69 S. W. (2d) 708.

Wherefore the judgment is affirmed.