COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Robert L. COCHRANE et al., Appellees.

Court of Appeals of Kentucky.

Dec. 17, 1965.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Marshall B. Woodson, Jr., Sp. Counsel, Dept. of Highways, Louisville, for appellant.

R. D. McAfee, Richard D. Remmers, Louisville, for appellees.

CLAY, Commissioner.

Appellee plaintiffs brought suit against appellant, Commonwealth of Kentucky, for damages arising out of alleged injury to their land by reason of the construction of a highway. The matter was submitted to a jury, which returned a $5,000 verdict for plaintiffs. The Commonwealth contends it was entitled to a directed verdict on three grounds.

Plaintiffs had a lake on their land an acre and a half in size. Some 1,000 feet from the property, along the watershed line, the Department of Highways constructed a new highway which required cuts, and a fill approximately 35 feet at its highest

point. The excavation and fill work left an unseeded and unsodded area exposed to the weather for about a year. Shortly after this work was commenced one of the plaintiffs noticed mud and silt entering the lake. Eventually it reached such a depth that it became necessary to remove it. The claimed damages were based upon the injury to the lake, including the reasonable cost of cleaning it out.

The Commonwealth's first contention is that this work was done by an independent contractor and consequently it is not liable. Appellant has apparently overlooked the line of cases which allow recovery against the Commonwealth or a political subdivision on the ground that injury to land constitutes a taking for which compensation must be paid. Adkins v. Harlan County, 259 Ky. 400, 82 S.W.2d 425; Commonwealth v. Kelley, 314 Ky. 581, 236 S.W.2d 695; Keck v. Hafley, Ky., 237 S.W. 2d 527. See also Oberst and Lewis, "Claims Against the State of Kentucky—Reverse Eminent Domain", 42 Kentucky Law Journal 163. The Commonwealth is responsible for work done in accordance with its plans and specifications, regardless of who performs it. The possible liability of the independent contractor doing the work is based on another ground. See the Adkins case just above cited.

The next contention is that it was not the highway construction work which caused the injury to plaintiffs' lake but the natural erosion of the soil. The Commonwealth cites a case involving riparian rights, but even under the principles governing such rights, the upper owner cannot use his land in such a way as to injure the property of a lower riparian owner. See Inland Steel Co. v. Isaacs, 283 Ky. 770, 143 S.W.2d 503.

We do not think this is strictly a riparian rights case but the controlling considerations are the same. In Nebo Consol. Coal & Coking Co. v. Lynch, 141 Ky. 711, 133 S.W. 763, it was recognized that where the operation of a coal mine resulted in the deposit of deleterious substances which washed into a stream and injured the lands of a lower riparian owner, the wrongful acts constituted a nuisance. In Keck v. Hafley, Ky., 237 S.W.2d 527, the Commonwealth altered the channel of a stream so as to cause flooding of the plaintiff's property. In Commonwealth v. Kelley, 314 Ky. 581, 236 S.W.2d 695, where the Highway Department had constructed a culvert which caused flooding of the plaintiffs' land, it was held that the injury constituted a "trespass amounting to a taking". Whether this case involves riparian rights, trespass or a nuisance, the Commonwealth must respond in damages if the use of its land wrongfully causes injury to the lands of others. See Louisville Refining Co. v. Mudd, Ky., 339 S.W.2d 181; Associated Contractors Stone Co. v. Pewee Val. Sanitarium and Hospital, Ky., 376 S.W.2d 316; and Louisville and Jefferson County Air Board v. Porter, Ky., 397 S.W.2d 146.

It is claimed by the plaintiffs that the Commonwealth materially changed the contour of the land and thereby created an unnatural condition which, in combination with natural forces, caused the damages. We believe if these acts had been committed by a private person, the plaintiffs would have had a cause of action. It was so held in Atlanta & B. Air Line Ry. v. Wood, 160 Ala. 657, 49 So. 426, which is the closest case we have been able to find on the factual situation. The commission of this wrong by the Commonwealth constituted a pro tanto taking of plaintiffs' land. It may be noted that the Commonwealth did not object to the instructions given the jury which pitched liability exclusively on the finding that the Commonwealth had caused dirt to run into plaintiffs' lake. Instruction No. 2 offered by the Commonwealth was in principle exactly the same.

It is our conclusion that the issues of causation and liability were properly submitted to the jury.

■ The final contention of the Commonwealth is that the plaintiffs failed to prove with particularity the amount of mud traceable to its highway construction work as distinguished from silt naturally flowing into the lake from other sources. This, of course, could not be precisely proven but we believe the direct and circumstantial evidence was sufficient to permit the jury reasonably to allocate the damage caused by the Commonwealth's mud. The instructions directed them to exclude from the allowance of damages that portion which came from other sources.

We are doubtful that the proper measure of damages was applied in this case, but the Commonwealth raises no question on the point. As such issue was submitted, the proof would have justified a substantially higher verdict, which indicates the jury restricted the damages to the injuries traceable to the Commonwealth's work.

The trial court did not err in refusing to direct a verdict for the Commonwealth.

The judgment is affirmed.