**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**Virginia Stanton TAYLOR and Ralph Taylor, husband, Ashland Oil & Refining Company, lessee, Appellees.**

Court of Appeals of Kentucky.

March 18, 1966.

Robert Matthews, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Edmond H. Tackett, Department of Highways, Pikeville, for appellant.

Kelsey E. Friend, Pikeville, for appellees.

WADDILL, Commissioner.

The Commonwealth seeks to reverse a judgment awarding appellees $7,000.00 for approximately .8 of an acre of land condemned for highway right of way.

■ It is contended that the trial court erred in refusing to permit two of the Commonwealth's appraisal witnesses to testify concerning comparable sales which were considered by them in determining the fair market value of the land taken from appellees. This testimony was placed in the record by avowal and we conclude it was admissible evidence to support their opinion as to the value of the land in question. Commonwealth, Department of Highways v. Taylor, Ky., 368 S.W.2d 732; Stewart v. Commonwealth for Use and Benefit of Department of Highways, Ky., 337 S.W.2d 880.

It is further contended that appellees' witnesses violated the rule against separately pricing items of damage. For example, one of these witnesses testified as follows:

"Q39. In arriving at your after value here, you ended up with a difference of $7,920.00. Can you break that $7,920.00 into what you allowed for each thing taken?

"A. Yes, sir.

"Q40. Will you do that for us?

"A. As I stated, I broke the land up into two (2) different lots. One (1) lot had 125′ highway frontage, and the other lot had 105′ highway frontage.

"Q41. What did you allow for the land taken off those two (2) lots for the highway?

"A. The 125′ which they took, I allowed $5,000.00, and the 105′ lot which they took some in front of the residence, and some in back of it, and I considered that being worth $1,000.00.

"Q42. That they took?

"A. That they took, and I considered that they damaged the remaining lot where the residence sits, $1,000.00.

"Q43. The remaining lot with the house, or just the lot?

"A. I didn't say they damaged the structure of the house any.

"Q44. The remaining damage, how much?

"A. $1,000.00.

"Q45. That makes $7,000.00. What was the other for?

"A. Three (3) small outbuildings, $300.00; septic tank $300.00, and there were some trees that they took . . . shrubbery, $220.00, and 170′ roughly speaking, 170′ of fence.

"Q46. What did you allow for the fence?

"A. $100.00.

"Q47. And so in arriving at your after value, you placed this valuation on each of the items that they took down there?

"A. I have appraised property and maintain they have been damaged $7,-920.00."

Where, as here, it is disclosed on cross-examination that an appraisal witness has placed price tags on items, such as septic tank, shrubbery and fencing, and has obtained the amount of damages by totaling these figures, the witness' testimony should be stricken upon timely motion. Commonwealth, Department of Highways v. Mann, Ky., 387 S.W.2d 848. Therefore, the trial court, in the instant case, erred in failing to sustain appellant's motion to strike the testimony of these witnesses.

The judgment is reversed with directions to grant a new trial.