**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,**

v.

**Blackburn HADDIX and Geneva Haddix,
his wife, Appellees.**

Court of Appeals of Kentucky.

Nov. 27, 1970.

Rehearing Denied May 7, 1971.

Don Duff, Acting Gen. Counsel, Dept. of Highways, Frankfort, Kenneth S. Baker, Jackson, Phillip K. Wicker, Dept. of Highways, Frankfort, for appellant.

William P. Bach, Jackson, R. D. Anderson, Combs & Anderson, Pikeville, for appellees.

OSBORNE, Judge.

This is an appeal by the Commonwealth from a judgment of the circuit court awarding the landowners $18,500 for less than one-fourth acre of land.[1] The entire tract contained 2.29 acres. It lies between old highway 15 and the Kentucky River south of Jackson. Located on the lot is a brick-veneer residence facing the highway. The portion of the lot where the residence is located is two feet below the level of the old existing road. Just to the rear of the house, the land drops off sharply. The land behind the house is from three to ten feet below the level of the old road. The land taken was for the purpose of reconstruction and the elevation of old highway 15. The new road is being constructed entirely on the right-of-way of the old road. The damages complained of by the landowners are brought about primarily as a result of the elevation of the new road to a level higher than the old road, thereby creating a fill in the front of the house, from which water runs down into the front yard.

1. The property condemned actually is .08 of an acre for right-of-way; .07 of an acre as a permanent easement for a pipe outlet and .04 of an acre as a temporary easement for entrance during construction.

It is the landowners' contention that the flow of water from this fill has on several occasions flooded their basement, thereby rendering it untenantable.

We have previously held that, where highway construction work leaves unseeded and unsodded areas exposed to the weather resulting in mud and silt entering the landowners' property, this constitutes a taking of land for which the Commonwealth must respond in damages. See Commonwealth, Dept. of Highways v. Cochran, Ky., 397 S.W.2d 155. Therefore, even though the new road is constructed entirely on the right-of-way of the old road, we are, nevertheless, of the opinion that under the circumstances here the damages complained of are of the type for which the landowners are entitled to compensation. However, after examining the plats and the photographs of the property and after giving due consideration to its location and the type of construction involved, we are of the opinion that the verdict of $18,500 is unsupported and excessive.

Even though witnesses testified to figures that would support a verdict of this size, the physical facts so convincingly repudiate the testimony as to deprive the sworn evidence of its probative value. See Commonwealth, Dept. of Highways v. Darch, Ky., 390 S.W.2d 649 (1965). The only real damage testified to by the landowners is the flooding of the basement. The evidence is contradictory as to whether the highway fill, or fill placed on the property by the landowners themselves, actually caused the flooding. Assuming most favorably to the landowners that the highway fill caused the flooding, the landowners' actual damage would consist of nothing more than the cost of waterproofing the basement or diverting the water around it. In any event, when the property is viewed in the light of its total value, there is no conceivable way these damages could amount to as much as $18,500. Therefore, the judgment will have to be reversed.

Since this case will have to be retried, we will deal with the other error contended by the appellant. Appellant contends that the trial court erred when it permitted appellee, Blackburn Haddix, to testify to the cost of placing fill on the property. We are of the opinion this contention is sound and the trial court should have excluded this testimony. "Price tagging" of claimed items of damage has been condemned by this court several times. Commonwealth, Dept. of Highways v. Taylor, Ky., 400 S.W.2d 688 (1966); Commonwealth, Dept. of Highways v. Creason, Ky., 402 S.W.2d 426 (1966); Commonwealth, Dept. of Highways v. Carter, Ky., 407 S.W.2d 143 (1966); and Commonwealth, Dept. of Highways v. Sherrod, Ky., 367 S.W.2d 844 (1963). In any event the proof here shows the fill was not made necessary by any act of the Department of Highways but was placed there by the property owners for the purpose of preparing a site for a filling station.

The trial court admitted the evidence on the theory that the Commonwealth had opened the subject. Our examination of the transcript does not reveal this to be the case. We do not believe the evidence produced by the Commonwealth in any way opened the subject of the price of the fill.

Judgment reversed.

All concur.