COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

Ed GIBSON et al., Appellees.

Court of Appeals of Kentucky.

May 23, 1975.

Jim Robinson, Gen. Counsel, Asst. Atty. Gen., Dept. of Highways, Frankfort, Nicholas D. McCubbin, Winchester, for appellant.

Denver Adams, Hyden, for appellees.

VANCE, Commissioner.

The Department of Highways appeals from an award to the appellees of $8,000.00 for the taking of 4.63 acres from a tract of land consisting of 7.93 acres. We reverse.

The principal ground of error alleged by the appellant is the refusal of the trial judge to admit testimony by appellant's witness concerning the actual sales price of the subject property which was sold twice

in the three-year period preceding the taking, once for $3,000.00 and once for $3,500.00.

■ The price paid for property which is the subject of condemnation is admissible if the sale is a voluntary, bona fide transaction not so remote in point of time as to destroy its probative value. Commonwealth, Department of Highways v. Whitledge, Ky., 406 S.W.2d 833 (1966); 5 Nichols', The Law of Eminent Domain, 3rd Edition, § 21.2.

Appellees contend the rejection of the proffered evidence was proper because there was no showing by the department that the sale was voluntary or that it was a bona fide transaction.

It is common practice for real estate appraisers to form opinions as to value based upon evidence which could not be admitted in a trial, yet the opinion as to value is admissible. An appraiser's knowledge of the sales price of any particular tract of land may depend upon what he was told by the seller or the purchaser. In most cases he will not have any first-hand knowledge of whether the sale was voluntary or whether it was a bona fide transaction.

In Stewart v. Commonwealth, Ky., 337 S.W.2d 880 (1960), we said:

"It is quite often true that the most thorough, comprehensive and accurate professional appraisals are based almost entirely on 'hearsay' in the legal sense of the word. Persons who appraise or deal in real estate professionally make it their business to keep abreast of current transactions. The value of an appraisal depends very largely on the manner in which it is developed. It is of importance to the court and jury to know how it was made and on what information it was based. If some or all of that information

was acquired by hearsay, but through the customary channels of the trade, or by methods recognized as standard in the making of appraisals, we see no useful purpose in a rule of absolute exclusion. * * * ."

■ The probabilities are overwhelming that most recorded transfers of real property by deed are voluntary bona fide transactions. One who investigates the records of such transfers for use as comparable sales is entitled to proceed upon the assumption of voluntariness and testimony with respect thereto will be admitted subject to the right of the opposing party to show the transaction was not voluntary or bona fide.

■ Other alleged errors relied upon by the appellant may surface again in the event of a retrial of this case. We are of the opinion that the testimony of the witness, George Jones, should have been stricken because his utter unfamiliarity with the amount of land taken and the amount remaining after the taking destroyed the probative value of his opinion as to the value thereof.

■ On a new trial the landowner should not be permitted to testify concerning the cost of construction of a new house without making an appropriate allowance for depreciation. Commonwealth, Department of Highways v. Taylor, Ky., 400 S.W.2d 688 (1966), is not controlling because it applies only to the price tagging of elements of damage in arriving at the aftertaking value.

We find no merit in the other allegations of error.

The judgment is reversed for further proceedings consistent with this opinion.

All concur.